Oren Sherman, appellant, *vs.* John W. Baddely, appellee.

*Appeal from Cook County Court of Common Pleas.*

Where a debtor gives a note and a warrant of attorney, authorizing a confession of judgment to be made for the amount specified in the note, before the time given for the payment of the note shall have elapsed, it is not error to render a judgment at any time, upon such confession.

This was a judgment, entered by confession, in the Court of Common Pleas for Cook county, at the May term, 1849, Spring, Judge, presiding. At the same term, the appellee, defendant

Sherman *vs.* Baddely.

below, entered his motion to set aside the judgment, and filed his affidavit, in support of his motion—the ground of which was, that the note upon which the judgment was rendered, was not due at the time of the rendition of the judgment. The motion was resisted by appellants, who also filed affidavits, in showing cause against the allowing of the motion. The Court below set aside the judgment, and the plaintiff appealed to this Court. The note was dated 25th May, 1849, payable ninety days after date, given for $ 453 60. A power of attorney, under seal, authorizing a judgment to be confessed upon the note, " at any time from and after the date thereof," was given at the same time with the note, and both were on the same paper.

T. L. DICKEY, for appellant.

J. Y. SCAMMON and GEORGE MANNIERE, for appellee.

Opinion by TREAT, C. J.:

The affidavits copied into the transcript, not being incorporated in a bill of exceptions, do not properly form a part of the record. The case must, therefore, be determined without taking them into consideration. The only question is, whether the judgment was properly entered in the first instance; for, if it was, the subsequent order of the Court, vacating it, was clearly erroneous. We do not perceive any valid objection to the judgment. It was based on a warrant of attorney, executed by the defendant, expressly authorizing a confession of judgment for the amount of the note. The note and warrant of attorney, having been executed at the same time, and in reference to the same subject matter, must be construed together, and considered as forming but one transaction. It amounts to this: the debtor is to have a credit of ninety days, with the right on the part of the creditor, if he chooses to assert it, of having a judgment entered up at any moment for the amount of the debt. It is like the case of a note payable on a certain day, with a condition that it shall be considered as falling due before that time, on the happening of a particular contingency. The creditor says to his debtor, " I will take your note, payable in ninety days, if you will permit me, in case I shall find it necessary for the protection of my interests, to take a judgment previously for the

amount of the debt." The debtor accedes to the proposition, by executing and delivering to the creditor a warrant of attorney, expressly stipulating that the judgment may be taken. We can see no good objection to the enforcement of such a contract. It is true, the payment of the obligation may depend on the pleasure of the creditor; but that is not a valid objection, if the contract was fairly made. It is in the power of a debtor to make his obligation payable on the happening of a contingency. It may be in this very case, that the plaintiff refused the credit altogether, unless the warrant of attorney should be executed in connection with the note; in other words, he was willing to accept the note of the defendant at ninety days, if he could have the legal right, in case he should consider it necessary for his own security, to enter up a judgment before the time should expire. The defendant has no right to complain of the judgment, for he deliberately authorized it to be entered. The note was due, for the purposes of the judgment, by the express stipulation of the maker. Having a valid judgment, the plaintiff was entitled to an execution thereon.

The order of the County Court, setting aside the judgment, and dismissing the suit, will be reversed, with costs; and the cause will be remanded, with directions to that Court to enter a judgment in favor of the plaintiff for the amount due on the note.

*Judgment reversed.*