Payne *v.* Weible.

1.   All sales are presumed to be for cash unless a credit is proved.

2.   Sutter could have sued Anstedt at once for the wine.

3.   The fact that the appellee told the appellant he had better go home, when he had become drunk, does not prove that the wine when sold to him was sold on credit.

4.   The statute was designed to prevent dram-shop keepers from selling liquor when they know the drinker has not the present means of paying for it.

THOMAS J. PAYNE, Plaintiff in Error, *v.* WILLIAM WEIBLE, Defendant in Error.

ERROR TO MONROE.

In an action upon a note, pleas are demurrable, which aver that the note was secured by a trust deed upon property exceeding in value the amount of the note—that when the note matured, it was agreed that plaintiff should buy in the property under the trustee's sale for the amount of the debt, and allow the defendant one and two years to redeem from the sale—and that plaintiff

did not bid the full amount of the debt, and has since refused to carry out the agreement.

From these facts it would appear that the property was not taken as payment for the note, but was still held as security.

At the most, the pleas only show an extension of the time for payment, and this cannot be pleaded in bar of a recovery upon the note. If the plaintiff has violated his agreement to extend the time, he is liable to an action, or if he has acted in fraud of his agreement, a court of equity would enforce it.

THIS was an action of assumpsit upon two promissory notes, dated January 2, 1860, made by Weible, payable to himself, and by him indorsed to plaintiff; one for $2,365, payable in one year, and the other for $2,365, in two years from date. The declaration has also the common money counts.

Weible plead, 1st, the general issue, to which the plaintiff added a similiter. 2nd, That after the making of said notes sued on, defendant made to plaintiff a deed of trust, to secure the payment of said notes, on certain described lands of great value, to wit, $8,000, and a large amount of personal property. And afterwards, in 1861, after the maturity of said notes, and deed of trust, and while the lands were advertised for sale, and before the sale of said property, to wit, etc., it was agreed between plaintiffs and defendant, that in consideration of the great value of said land, and for the further consideration of fifteen per cent. interest per annum, on said indebtedness, payable in two equal installments, in one and two years after that date, and of the inability of defendant to pay said notes, that the said defendant would not attend the sale, and that plaintiff would purchase in said real estate, at and for the sum of said indebtedness, and hold said land in trust, for redemption, on the payment of the sums so due, and fifteen per cent. interest per annum, to be paid as aforesaid. Plea avers that defendant did not attend said sale, but trusted in good faith to the promises of plaintiff; that said land was worth, at the time of said sale, at least $8,000; and that, although plaintiff did purchase said real estate, he bid only the sum of $—— therefor. Plea then avers, that after the first sale, within fifteen days thereafter, he went to plaintiff and offered to pay the fifteen per cent. interest in advance, which plaintiff refused to receive, and said he would

have nothing to do with defendant; and that plaintiff fraudulently, deceitfully, willfully, and knowingly prosecutes this suit for the residue of said indebtedness, and in violation of said contract, although defendant avers he is and always has been ready to perform; wherefore, etc.

The third plea alleges, that after the making of said notes at, etc., on, etc., plaintiff agreed and promised, in consideration plaintiff would pay fifteen per cent. interest on the entire sum so due, and expenses of a certain sale of real estate in a deed of trust delivered to said plaintiff, he would purchase at said sale, the said real estate, at and for the sum of $——, which defendant averred was the entire sum of money in all the notes sued on. Plea avers that plaintiff deceitfully, fraudulently, willfully and knowingly lulled this defendant into security, and wholly refused to purchase said land for the entire sum so due on said notes, according to his contract, although this defendant ever has been ready and willing to keep and perform his agreement herein, and pay the said fifteen per cent. per annum; and this the defendant is ready to verify, etc.

Plaintiff demurred severally to the second and third pleas, and assigned as special causes of demurrer: that said supposed agreement relates to lands and was not in writing, according to the statutes of the State of Illinois; because defendant does not tender said redemption money; because, if such contract was made, it was usurious, and not binding, or capable of being enforced; and because the relief for defendant is in equity, if anywhere.

The demurrer was overruled, and final judgment rendered thereon, against plaintiff, for costs. Plaintiff brings the case here by consent, and assigns for error: that the court below erred in overruling his demurrer to defendant's second and third pleas severally.

W. H. UNDERWOOD, for Plaintiff in Error.

The case of *Ballingall* v. *Bradley*, 16 Ill. 379, expressly decides that an agreement to allow a redemption of lands must be in writing. And the redemption money must be

tendered, or what was to be received in redemption.  *Wright* v. *McNeely*, 11 Ill. 251 ; 12 Ill. 86.

The case of *Schoonhoven* v. *Pratt*, 25 Ill. 464, was in chancery, and the redemption money was tendered.  From Weible's plea it is impossible to tell whether one-half of the redemption money was due or not when the plea was filed.

The contract to redeem was not performed within one year, and was not, therefore, binding under the statute.  *Comstock* v. *Ward*, 22 Ill. 248.  It might, perhaps, be regarded in equity as a contract to redeem in a reasonable time, and a year and four months is held not within a reasonable time by this court.  11 Ill. 252.

The contract was also against the statute prohibiting usury.  *Shirley* v. *Welty*, 19 Ill. 623.  The fifteen per cent. could not be recovered under the law of 1857.  Page 45, section 3.

Where a plea sets up, as a defense, a contract voidable when not in writing, it must allege it was in writing, or it is bad at least on special demurrer.  1 Chitty's Pleadings, 222, 534, and note *b*.

The second and third pleas purport to answer the whole declaration, and only answer the special counts, and are bad for that reason.  *Hinton* v. *Husbands*, 3 Scam. 187; 22 Ill. 313.

H. K. O'MELVENY, for Defendant in Error.

WALKER, J.  This record presents the question whether the demurrer to defendant's second and third pleas was properly overruled by the court below.  These pleas are as follows :

The second plea avers,  "That, after the making said notes sued on, defendant made to plaintiff a deed of trust, to secure the payment of said notes, on certain described lands of great value, to wit, $8,000, and a large amount of personal property.  And afterwards, in 1861, after the maturity of said notes and deed of trust, and while the land was advertised for sale, and before the sale of said property to wit, etc., it was agreed between plaintiff and defendant, that, in consideration of the great value of said land, and for the further

consideration of fifteen per cent. interest per annum on said indebtedness, payable in two equal installments, in one and two years after that date, and of the inability of defendant to pay said notes, that said defendant would not attend the sale, and that plaintiff would purchase in said real estate at and for the sum of said indebtedness, and hold said land in trust, for redemption, on the payment of the sums so due, and fifteen per cent. interest per annum, to be paid as aforesaid. It avers, that defendant did not attend said sale, but trusted in good faith to the promises of plaintiff; that said land was worth, at the time of said sale, at least $8,000 ; and that although plaintiff did purchase said real estate, he bid only the sum of $—— therefor. It then avers, that after the first sale, within fifteen days, he went to plaintiff, and offered to pay the fifteen per cent. interest in advance, which plaintiff refused to receive, and said he would have nothing to do with defendant; and that plaintiff fraudulently, deceitfully, willfully and knowingly prosecutes this suit for the residue of said indebtedness, and in violation of said contract, although defendant avers he is, and always has been ready to perform ; wherefore," etc.

The third plea alleges, "that after the making of said notes, at, etc., on, etc., plaintiff agreed and promised, in consideration defendant would pay fifteen per cent. interest on the entire sum so due, and expenses of a certain sale of real estate in a deed of trust delivered to said plaintiff, he would purchase at said sale the said real estate, at and for the sum of $——, which defendant averred was the entire sum of money in all the notes sued on. It avers, that plaintiff deceitfully, fraudulently, willfully and knowingly lulled this defendant into security, and wholly refused to purchase said land for the entire sum so due on said notes, according to his contract, although this defendant ever has been ready and willing to keep and perform his agreement herein, and pay the said fifteen per cent. per annum; and this the defendant is ready to verify," etc.

Do these pleas present a defense to a suit upon these notes? They fail to aver that the time for the redemption has not

expired, or that any tender has ever been made. Now if all the facts are true, as alleged, and the demurrer admits them to be so, the land was still held in equity, only as security for the payment of the debt. There is no averment of the sum at which plaintiff purchased the land. They state that he was to purchase it at the amount of the notes, but failed to do so, but whether for a small or a large sum, less than the notes, is not averred. There is no averment, in either plea, that the land was to be purchased in satisfaction of the notes, but, on the contrary, it is averred that the land should be held in trust for the payment of the debt, with fifteen per cent. interest, with right to redeem in one and two years from the time of the purchase.

It is averred that the fifteen per cent. interest was tendered and refused, but there is no averment that this sum was tendered within the time agreed upon between the parties. Nor does it appear whether, by the agreement, the additional interest was to be paid before, at the time of, or after the sale. In these particulars the pleas are uncertain and defective.

Again, these pleas are interposed as a bar to a recovery on the notes, when, at most, the facts pleaded can only be claimed as an extension of time for payment. There is nothing to show that the notes were extinguished, but only the right to sue suspended, even if all the effect is given to them which is claimed by the defendant. If an agreement was made, to give further time for payment, on a proper consideration, and the holder of the notes has failed to perform the agreement, he is liable to an action on the contract for damages, or, if he has acted in fraud of his agreement, a court of equity would interpose to stay the proceedings at law, and to compel him to perform his part of the agreement. But if the facts in the pleas are true, they form no bar to an action at law. If, however, it appeared by the agreement, that the notes were to be extinguished, and that the defendant had performed his part of the agreement according to its terms, then it would be otherwise. The Circuit Court erred in overruling the demurrer, and rendering judgment on the pleas. The judgment is reversed, and the cause remanded.

*Judgment reversed.*