ALBERT G. GIBBONEY

v.

ROBERT H. GIBBONEY.

</div>

1. JUDGMENT BY CONFESSION—POWER OF COURT TO SET ASIDE—GOOD. DEFENSE MUST BE SHOWN.—In cases of judgment by confession on a warrant of attorney, it is competent for the court, upon a proper showing being made, to so far vacate such judgment as to permit the parties to defend the same; but it is error to allow such right to defend on motion, unless upon the face of the record, or by some other showing, as a foundation of such

motion, it shall appear, *prima facie* at least, that the defendant has a defense in whole or in part, upon the merits.

2. PRESUMPTION—ERROR IN DISMISSING SUIT.—The warrant of attorney not appearing in the record in this case, the court will presume that it was sufficient to justify the court in entering such judgment. There being no affidavits or other showing of a meritorious defense in support of the motion, it was error to vacate such judgment and dismiss the suit.

APPEAL from the Superior Court of Cook county; the Hon JOSEPH E. GARY, Judge, presiding.

Mr. GEO. L. THATCHER and Mr. F. C. RUSSELL, for appellant; that there is nothing in the record to impeach the validity of the judgment, and it must be presumed to have warranted the action of the court below, cited Iglehart v. Chicago M. & F. Ins. Co. 35 Ill. 514; Osgood v. Blackmore, 59 Ill. 261; Bush v. Hanson, 70 Ill. 480; Roundy v. Hunt, 24 Ill. 600; Waterman v. Caton, 55 Ill. 94; Hall v. Jones, 32 Ill. 38.

The court had no jurisdiction over the case for any purpose, after the term at which final judgment was entered: Co. Litt. Lib. 3, 360; 3 Blackstone's Com. 406; 2 Chitty's Pr. 335; Cook v. Wood, 24 Ill. 295; Messervey v. Beckwith, 41 Ill. 452; McKindley v. Buck, 43 Ill. 488; Fix v. Quinn, 75 Ill. 232; Coursen v. Hixon, 78 Ill. 339; Denton v. Noyes, 6 Johns. 296.

Mr. A. T. GALT, for appellee; that it will be presumed the court below decided correctly in vacating the judgment, unless the contrary appears, cited Casey v. Harvey, 14 Ill. 45; I. & St. L. R. R. Co. v. Miller, 62 Ill. 468; St. L. & S. R'y Co. v. Wheelis, 72 Ill. 538; Gardner et al. v. Russell, 78 Ill. 292.

As far as the record shows, the judgment was entered without a warrant of attorney, and is therefore void: White v. Jones, 38 Ill. 160; Chase v. Dana, 44 Ill. 262; Burwell v. Orr et al. 84 Ill. 465.

The note and warrant of attorney should appear in this record: Durham v. Brown, 24 Ill. 94; Waterman v. Caton, 55 Ill. 94.

The rule that courts will not vacate a judgment at a subsequent term does not apply to judgments entered by confession:

Lake v. Cook, 15 Ill. 353; Hall v. Jones, 32 Ill. 38; Wyman v. Yeomans, 84 Ill. 403; Burwell v. Orr et al. 84 Ill. 465.

MURPHY, P. J.   On the 29th day of January, 1878, the appellant filed his declaration in the Superior Court of Cook County, against the appellee, counting specially on a promissory note, adding the common counts.

At the same time the appellee, by Robert S. Hill, his attorney, also appeared in open court and filed a warrant of attorney, executed by the appellee, and a *cognovit* confessing judgment in favor of the appellant for the sum of sixteen hundred and five dollars, with costs.   The court thereupon entered the following order of judgment: "Therefore, it is considered by the court that the plaintiff do have and recover of and from the defendant, his said damages of sixteen hundred and five dollars, in form as aforesaid, by the said defendant confessed, together with costs."

This order was entered by the court at its January term, 1878.   Afterwards, on the 9th day of April, 1878, the same being one of the days of the April term of said court, on motion of the appellee, without any evidence or showing of any kind, the court vacated the judgment so entered at the January term, two terms of the court having intervened, and dismissed the suit.   This was excepted to by the appellant, who prayed an appeal to this court, and assigns for error the ruling of the court below in vacating the judgment and dismissing the suit.

This being a judgment by confession by virtue of a warrant of attorney, and without actual notice to the appellee, it would be competent for the court, upon a proper showing, to so far vacate such judgment as to permit the appellee to defend against the same, to permit an issue to be made up and tried by a jury, as to whether upon the merits of the case he has a defence to the whole or any part of said judgment.

But we are unfamiliar with any rule of law or practice by which such right to defend in such cases will be ordered on motion, unless upon the face of the record or some showing as a foundation for such motion, it shall appear, *prima facie* at least, that the defendant has a defence in whole or in part to the said judgment upon the merits.

In this case there is nothing appearing upon the face of the record to justify such action of the court. The warrant of attorney, by virtue of which the judgment was confessed, does not appear in the record. We are therefore unable to inspect it, and in its absence must presume it was sufficient to justify the court in entering such judgment. There being no affidavits or other showing of any kind made by the appellee in support of his motion, we think it was error for the court below to vacate the judgment and dismiss the suit, for which error the judgment of the court below is reversed and the cause remanded.

<div align="right">Reversed and remanded.</div>