## PATRICK J. TOWLE ET AL.

## v.

## MICHAEL GONTER.

CONFESSION OF JUDGMENT—IN VACATION—BEFORE MATURITY OF NOTE.—A warrant of attorney attached to a note authorizing confession of judgment thereon at any time after its date, will support a judgment entered in vacation in a court of record, as well as if entered in term time. As it authorized the entry of such judgment at any time after its date, it was not necessary that the note should be due at the time of the entry of judgment.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed February 3, 1880.

Mr. THOMAS H. HUTCHINS, for appellants; as to the power to enter judgment in vacation, cited 1 Tidd's Pr. 551; Kellogg v. Keith, 4 Bradwell, 386.

Judgment could be entered under the warrant of attorney in this case at any time after date: Adam v. Arnold, 86 Ill. 185.

Defendant must show some equitable reason for setting aside the judgment: Stuhl v. Shipp, 44 Ill. 133; Hempstead v. Humphery, 38 Ill. 90; Rising v. Brainard, 36 Ill. 79; Freeman on Judgments, 278.

Defendant has waived all errors and cannot now take advantage of them: Frear v. Com. Nat. Bank, 73 Ill. 373; Hall v. Hamilton, 74 Ill. 437.

Messrs. HOUSE & AKIN, for appellee.

LACEY, J. On the 20th day of May, A. D. 1878, in vacation of the Will County Circuit Court, judgment was confessed in that court in favor of appellants against appellee for the sum of $208.32, by Thomas Hutchings, an attorney at law for, and in behalf of appellee.

The foundation of the judgment was a note given by appellee to appellants dated May 18, 1878, for the sum of one hundred

eighty three and 32-100 dollars due in sixty days after date, and drawing ten per cent. interest from date. The note was under seal and contained a power of attorney authorizing any attorney of any court of record to appear for the appellee, and waive service of process, file the proper cognovit, and confess judgment on the note at any time after its date for the amount due thereon together with the costs, and twenty-five dollars attorney's fees to be added thereto, and releasing all errors in entering up judgment, and issuing execution on said judgment, and agreeing that no writ of error or appeal should be prosecuted or bill in equity filed to interfere with the operation of such judgment or execution.

At the June term, A. D. 1879, the appellee by his attorneys moved the court to vacate the judgment, and quash the execution on the grounds that the warrant of attorney did not authorize the entering of appearance of appellee, and taking judgment against him in vacation; and also, that the note was not due at the time. The court on hearing, set aside the judgment, and quashed the execution.

The question presented is, did the power of attorney authorize the confession in vacation, and before the note was due ?

A similar question was before this court at the June term, 1879, in the consideration of which it was decided that such a power authorized the confession of the judgment in vacation: Kellogg v. Keith, 4 Bradwell, 386. In that case it was said: "The obvious meaning of the warrant of attorney was to give the power to confess the judgment in any of the ways, and at any time in which it was allowed by law to be done, so that it was in a court of record."

The judgment is in a court of record, and the court is authorized to enter judgments in vacation as well as in term time. The warrant of attorney is sufficiently broad to authorize the confession in vacation.

It authorizes the confession of the judgment at any time after the date of the note, hence, it was not necessary that the note should be due at the time of the confession. Adam v. Alnold, 86 Ill. 185 ; Sherman v. Badderly, 11 Ill. 622.

The court therefore erred in entering the order vacating the

judgment. The judgment of the court below in entering such order, and quashing the execution, is therefore reversed.

Reversed.