THOMAS ALLDRITT, IMP'D RICHARD ALLDRITT,

v.

THE FIRST NATIONAL BANK OF MORRISON.

*Confession of Judgment on Note in Vacation—Extension of Note—Power of Attorney—Affidavit—Practice—Jurisdiction.*

1. Where a power of attorney to confess judgment on a note authorizes a confession at any time after the date of the note, a confession before the expiration of an extension of the note will be valid.

2. A judgment entered by confession, entered in vacation upon a power of attorney which was more than a year and a day old, will not be set aside merely for want of an affidavit showing that the defendant was alive, and the debt, or some part thereof was due and unpaid. Some equitable ground of relief must also be shown.

[Opinion filed December 11, 1886.]

IN ERROR to the Circuit Court of Whitesides County; the Hon. JOHN V. EUSTACE, Judge, presiding.

Statement by WELCH, J. On the 28th day of April, 1883, the defendant in error loaned to the plaintiff in error the sum of $550 for the term of one year, with interest at the rate of eight per cent. per annum. The interest for the year was paid in advance. To secure the payment of this money, the plaintiff in error together with one Richard Alldritt as security made, executed and delivered to the defendant in error their promissory note and power of attorney in the words and figures as follows:

"$550. MORRISON, ILL., April 28, 1883.

"One year after date we promise to pay to the First National Bank of Morrison, or order, the sum of five hundred and fifty dollars, with interest at eight per cent. per annum from maturity until paid; value received.

"And it is expressly agreed that if default be made in the payment of the interest when due, the entire principal shall become due and payable, and the holder of this note may proceed at his option to collect the same. And we hereby appoint any attorney of any court of record in any State or Territory of the United States to appear for us in any court, in term time or vacation, at any time after date, and waive the issue and service of process and confess a judgment against us in favor of the then holder hereof, for the amount of the above note, also interest then due, and costs, including $60 attorney's fee, and to file a cognovit for that amount, and an agreement releasing all errors and waiving all appeal in said cause, and all advantage to which we may be entitled by virtue of any and all exemption laws of the State, and any State or Territory

where judgment may be entered by virtue thereof, and that no bill in equity shall be filed to interfere with the operation of said judgment, and hereby consent to immediate execution upon the judgment so rendered. All signers to this note are principals. No extension of the time of payment, with or without our knowledge, by receipt of interest or otherwise, shall release us, or either of us, from the obligations of payment.

"Witness our hands and seals the day and year above written.

"THOS. ALLDRITT,      [SEAL]
"RICHARD ALLDRITT.    [SEAL]"

That at the maturity of this note and on the 28th day of April, 1884, it was further agreed between the plaintiff in error and the defendant in error that in consideration of the plaintiff in error paying to the defendant in error the sum of $44, interest on the sum of $550 for one year from the maturity of this note, the defendant in error agreed to extend the payment of the $550 for one year, and until the 28th day of April, 1885. That on the 10th day of January, 1885, the defendant in error caused a judgment to be confessed and entered in vacation by the Clerk of the Circuit Court for Whiteside County, on said note, for the sum of $550 and $60 attorney's fee. That at the next term of the Circuit Court after this judgment was so entered, the plaintiff in error filed his motion in the court, asking to have this judgment vacated. On the hearing of the motion the defendant in error entered a remitter of the unearned interest money, and the court overruled the motion and exceptions were taken, and the case is now brought to this court.

Messrs. C. J. JOHNSON and GEORGE H. FAY, for plaintiff in error.

The attorney in fact who confessed the judgment in this case had no power to enter the appearance of the defendant until the money mentioned in the promissory note was actually due and payable, and the court had no jurisdiction over the defendants, therefore the judgment and all subsequent steps under it are void. Waterman v. Jones, 28 Ill. 54;

White v. Jones, 38 Ill. 159 ; Baldwin v. Freydendall, 10 Ill. App. 106.

In this case the holder of the note could not declare the principal sum due except for non-payment of interest.

Whatever may have been the rights or liabilities of these parties under the original contract entered into between them at the time this money was first loaned and the note and warrant of attorney were executed, or whatever their understanding was at that time with regard to the rights of the bank to cause a judgment to be entered on this note, that contract was on April 28, 1884, entirely abrogated so far as the terms and condition of the payment of the money mentioned in this note were concerned. By this new contract the bank, in consideration of the sum of $44 as interest for the use of this money until April 28, 1885, paid by the plaintiff in error, agreed with him to extend the time of payment of the money loaned for the further period of one year and until April 28, 1885. Nor were there any conditions or reservations in this new agreement whereby the bank reserved the right to cause a judgment to be entered on this note until the full extent of the time given.

It certainly must have been the clear understanding of the parties, at the time of the extension of the time of payment of this money, that a judgment should not be entered on the note until the expiration of one year from that date. If not, why did the plaintiff in error pay and why did the bank receive the full amount of interest on that money for the full time?

Mr. O. F. Woodruff, for defendant in error.

An agreement to give further time for the payment of a promissory note than that provided by the terms of the paper itself can not be pleaded in bar of the action brought upon the note within the time limited.  Dow v. Tuttle, 4 Mass. 414; Perkins v. Gilman, 8 Pick. 229; Harrison v. Close, 2 Johns. 447; Gibson v. Gibson, 15 Mass. 112; Aloff v. Scrimshaw, 2 Salk. 573; Central Bank v. Willard, 17 Pick. 150; Allen v. Kimball, 23 Pick. 473; Payne v. Weible, 30 Ill. 166.

Even when a power of attorney is more than one year and

one day old, and a judgment by confession in vacation is entered up by virtue of the same, still, if a party seeks to open the same, he must show some equitable grounds for so doing or the court will refuse to interfere. Rising v. Brainard, 36 Ill. 79; Farwell v. Meyer, 36 Ill. 510; Hempstead v. Humphrey, 38 Ill. 90; Stuhl v. Shipp, 44 Ill. 133.

On a motion to vacate a judgment entered by confession, the question is not whether the judgment shall be vacated for error of law, but whether there exists any equitable reasons for opening the judgment. Gibboney v. Gibboney, 2 Ill. App. 322; Knox v. Winsted Savings Bank, 57 Ill. 330.

Where a power of attorney to confess judgment on a note authorizes a confession of judgment at any time after the date of the note, a judgment confessed before the maturity of such a note will be valid. Sherman v. Baddely, 11 Ill. 622; Adam v. Arnold, 86 Ill. 185; Towle v. Gonter, 5 Ill. App. 409.

WELCH, J. There are but two points made for the reversal of the judgment in this case.

1st. The money mentioned in the promissory note upon which the judgment was rendered was not due or payable at the time the judgment was rendered, therefore the attorney who signed the cognovit had no authority to confess such judgment, nor had the clerk any right to enter such judgment on the records of the court, and the same is void.

2d. The warrant of attorney upon which this judgment was rendered was more than a year and a day old at the time the judgment was so confessed, and there was no affidavit filed in the case showing that the defendant was then living and that the debt or any part of it was then due and owing.

It is insisted by counsel for plaintiff in error that the note by its terms did not become due and payable until one year after the date thereof; that after it did mature, there was an extension granted for another year by the defendant in error to the plaintiff in error, the plaintiff in error paying the interest on the same for another year in advance; and that whatever may have been the rights or liabilities of these parties under the original contract, entered into between them at the

time this money was first loaned and the note and warrant of attorney were executed, that contract was on the 28th day of April, 1884, entirely abrogated so far as the terms and condition of the payment of the money mentioned in the note was concerned.   We assent to the proposition that the contract for an extension of time abrogated the original contract between the parties.   In case of the Central Bank v. Willard, 17 Pick. 150, it was proved that after a promissory note discounted by the bank had become due, the bank, upon the application of the promisor for a renewal, indorsed on the wrapper of the note the words " renewed for three months," and that the promisor paid the interest in advance ; the note was retained by the bank and no new note was given.   It was held that the evidence proved an independent agreement which could not bar the action on the note; that at most it would be evidence of a collateral contract.   The same rule is announced in Payne v. Weible, 30 Ill. 166.   The note and warrant of attorney as said in Sherman v. Baddely, 11 Ill. 622, " having been executed at the same time and in reference to the same subject-matter, must be construed together and considered as forming one transaction. It amounts to this : " The debtor is to have a credit of ninety days with the right on the part of the creditor, if he chooses to arrest it, of having a judgment entered up at any moment for the amount of the debt.   *   *   *   The creditor says to his debtor, I will take your note, payable in ninety days, if. you will permit me, in case I shall find it necessary for the protection of my interests, to take a judgment previously for the amount of the debt.   The debtor accedes to the proposition by executing and delivering to the creditor a warrant of attorney expressly stipulating that the judgment may be taken.   *   *   *  The defendant has no right to complain of the judgment, for he deliberately authorized it to be entered.   The note was due for the purpose of the judgment by the express stipulation of the maker."   The same rule is announced in Adams v. Arnold, 86 Ill. 185.   In Towle v. Gonter, 5 Ill. App. 409, under the authorities, *supra*, we held that the first point made by counsel for the plaintiff in error is not well taken.

The second point urged by counsel for plaintiff in error is,

"that the warrant of attorney upon which this judgment was rendered was more than a year and a day old at the time the judgment was so confessed, and that there was no affidavit filed showing that the defendants were then living, and that the debt or any part of it was then due and owing." This objection does not go to the. jurisdiction to enter the judgment, and the failure to file such affidavit can only be taken advantage of upon equitable grounds. In Rising v. Brainard, 36 Ill. 79, the court says: "Before a judgment will be set aside because an affidavit was not filed showing that the defendant was alive and that the debt was due and unpaid, the party making the application is required to show some equitable reason therefor." The same rule is announced in Stuhl v. Shipp, 44 Ill. 133. The rule announced in Hinds v. Hopkins, 28 Ill. 344, "that it was necessary that the affidavit should be filed, showing that the defendant is alive and that the debt was due and unpaid when the judgment was entered in vacation, more than a year and a day after the power was executed," was modified as stated in Rising v. Brainard, 36 Ill. 79.

This court, after a careful consideration of all the decided cases of our Supreme Court upon the question of judgment, in vacation as to what papers were jurisdictional and what were not, held that failure to file affidavit that the defendant was alive and that the debt was due and unpaid when the power of attorney was more than a year and a day old, was not jurisdictional, and that advantage could only be taken of it upon equitable grounds, which case was affirmed by the Supreme Court—Stein, Block & Co. v. Good, 16 Ill. App. 516. In Gibboney v. Gibboney, 2 Ill. App. 322, it was said, this being a judgment by confession by virtue of a warrant of attorney and without actual notice to the appellee, it would be competent for the court upon a proper showing to so far vacate such judgment as to permit appellee to defend against the same, to permit an issue to be made up and tried by a jury as to whether upon the merits of the case he has a defense to the whole or any part of the judgment. But we are not familiar with any rule of law or practice by which such right to defend in such cases will be ordered on motion, unless upon

the face of the record, or some showing as a foundation for
such motion it shall appear, *prima facie* at least, that the defend-
ant has a defense in whole or in part to the said judgment upon
the merits.    Same rule announced in Knox v. Winsted Sav-
ings Bank, 57 Ill. 330.    Applying to this case the rule an-
nounced *supra*, we are unable to find any showing in the record
of any defense to this judgment.    Order overruling motion
and judgment for costs is affirmed.

*Judgment affirmed.*