JOSHUA VANDRUFF, Plaintiff in Error, *v.* JAMES CRAIG and DANIEL H. WHITNEY, Defendants in Error.

ERROR TO JO DAVIESS.

The evidence given should be preserved in a bill of exceptions; an affidavit forms no part of a record.

THERE does not appear any bill of exceptions in this record. There is a statement, that an execution was issued to Boone county, returned not satisfied; that there were issued an *alias* and *pluries*, to which there is not any return; that Whitney filed an affidavit which is set out, stating that a *pluries fi. fa.* was issued to the sheriff of Boone county, dated the 26th of March, 1847, against Whitney and Craig, and that the sheriff

of Boone, in May following, made a levy by virtue thereof upon certain real estate, which is described; that the deponent was discharged of his debts by a decree in bankruptcy in the United States District Court on the 17th June, 1843; that the judgment upon executions issued was recovered in June, 1842; that among the debts scheduled on application for the discharge in bankruptcy, was included this same judgment; that at the time of his discharge in bankruptcy he did not own the property upon which the execution had been levied. Upon this affidavit a motion was for a stay of proceedings on the execution, which motion was sustained by the circuit court at October term, 1847, of the Jo Daviess Court.

An application was made by the attorney of Vandruff, to have this order staying proceedings upon the execution, set aside, which was denied. Vandruff then made application to have the levy stand as a security against Whitney, for whatever judgment might be obtained against him in an action to be brought by Vandruff on the judgment upon which the execution had issued. This application was denied. Vandruff then sued out this writ of error.

S. A. HURLBUT, and GLOVER & COOK, for plaintiff in error.

A. C. FULLER and J. C. MARSH, for defendants in error.

TREAT, C. J. The only order made in the case, of which the plaintiff in error can complain, is the one setting aside the execution. But this court cannot say that it was erroneously made. The evidence upon which the decision was based, does not appear in the record. It should have been preserved by a bill of exceptions. Corey v. Russell, 3 Gilman, 366. The affidavit forms no part of the record. Even if it could be properly considered, the order could not be reversed. Other evidence may have been introduced on the hearing of the motion. It may have appeared from the process itself, or from the previous proceedings in the case, that the execution was improperly issued. The court simply decided that the writ should be quashed. It did not determine the rights of the parties under the judgment. It left the plaintiff at full liberty to sue out another execution, or pursue any other remedy for the collection of the judgment. It did not decide that the defendant Whitney had any valid defence to the judgment. If he has such a defence growing out of the proceedings in bankruptcy, it is yet to be interposed and established.

The judgment is affirmed.

*Judgment affirmed.*