Wright v. Hatchett.

---

## THOMAS WRIGHT

### v.

## ARCHIBALD HATCHETT.

DEFECTIVE BILL OF EXCEPTIONS.—The bill of exceptions in this case shows that the motion to dismiss the suit was founded upon an affidavit, but as this affidavit is not copied into the bill of exceptions, this court can not pass upon the error assigned. As the grounds for dismissing the appeal are not disclosed by the bill of exceptions and nothing appears to the contrary, this court must presume that they were sufficient to justify the action of the court in dismissing the appeal.

APPEAL from the County Court of Sangamon county; the Hon. J. H. MATHENY, Judge, presiding. Opinion filed January 16, 1883.

Messrs. RICE & CROOK, for appellant; cited R. S. 1880, Chap. 119, §§ 14, 15, 18.

Mr. N. M. BROADWELL, for appellee; that the court below properly overruled the motion to dismiss the suit, cited Buettner v. M'f'g Co. 90 Ill. 45; Village, etc. v. Gillen, 72 Ill. 599.

The decision of the court as to dismissing the appeal must

be sustained unless it affirmatively appears from the record that it was erroneous: Casey v. Harvey, 14 Ill. 45; Bulger v. Hoffman, 45 Ill. 352; Buettner v. M'f'g Co. 90 Ill. 415.

The granting of a new trial can not be assigned for error: Brookbank v. Smith, 2 Scam. 78.

No matter what the form of summons may be, if the evidence shows a right of recovery in any form of action of which the justice has jurisdiction, the cause will be proceeded with: Bliss v. Harris, 70 Ill. 343; Thompson v. Sutton, 51 Ill. 213.

In such cases, the proceedings being *ore tenus*, it will be presumed a proper issue was formed and tried: Hennies v. The People, 70 Ill. 100.

PER CURIAM. The court below overruled appellant's motion to dismiss the suit, and sustained a motion by appellee to dismiss the appeal from the justice of the peace. Both of these rulings are assigned for error by appellant.

The bill of exceptions shows that the motion to dismiss the suit was founded upon an affidavit, which is not copied into the bill of exceptions, and is therefore no part of the record in this cause. Without the affidavit before us we can not say that the court erred in refusing to dismiss the suit.

The grounds for dismissing the appeal are not disclosed by the bill of exceptions, and nothing appearing to the contrary, we must presume they were sufficient to justify the action of the court in dismissing the appeal: Casey v. Honey, 14 Ill. 45; Bulger v. Hoffman, 45 Ill. 352; Buettner v. Manufacturing Co. 90 Ill. 415.

Judgment affirmed.