## Anderson Transfer Company v. George A. Fuller.

1. PRACTICE—*Waiver of Objections by Going to Trial on the Merits.*— Where a motion to vacate a judgment by confession is overruled, but leave is granted to plead, a defendant waives all objections to the overruling of the motion to vacate by pleading and going to trial on the merits.

2. SAME—*Affidavits in Support of a Motion Should be Preserved in the Bill of Exceptions.*—The evidence given in support of a motion should be preserved in a bill of exceptions. Affidavits inserted in the record by the clerk can not be considered.

3. SAME—*Filing Additional Pleas.*—Where an application for leave to file a new plea is made when a case is called for trial it is a matter resting in the discretion of the trial court whether the leave should be granted, and the court holds that under the circumstances of this case there was no abuse of that discretion in refusing to grant leave.

4. SAME—*Proof Required in a Suit on a Promissory Note under a Plea of the General Issue Verified.*—In a suit against an individual on a promissory note, it is only incumbent on the plaintiff under a plea of the general issue verified, to prove the genuineness of the signature of the defendant, and this court does not perceive why the rule should be different where the defendant is a corporation.

5. PLEADING—*Facts Showing Fraud Should be Pleaded.*—A plea averring fraud in general terms, merely as a conclusion, without averring any facts from which that conclusion can be deduced is clearly bad.

6. CORPORATIONS—*Execution of Promissory Notes by—Presumptions in Regard to.*—When a promissory note and warrant of attorney to confess judgment are executed in the name and under the seal of a corporation, it will be presumed that such instruments were executed by the authority of the corporation.

7. INSTRUCTIONS—*Should be Construed Together.*—Phrases in an instruction should be considered in connection with the remainder of the instruction and in view of other instructions forming a part of the same series.

**Assumpsit,** on a promissory note. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 6, 1898.

OTTO GRESHAM, attorney for appellant.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the Superior Court of Cook County affirming, in substance, a former judgment by confession on a promissory note, with warrant of attorney to confess judgment, of date June 13, 1896, for the sum of $5,600, with interest at the rate of six per cent per annum, payable to the order of George A. Fuller, thirty days after the date thereof, and purporting to have been executed by the Anderson Transfer Company, by Frank S. Rolfe, president and treasurer, with the corporate seal of the company thereto attached. February 12, 1897, a judgment by confession was entered on said note in the Superior Court, for the sum of $5,874 in favor of appellee and against appellant. February 15, 1897, a motion was made by appellant, by its attorney, and also by one Hadley W. Smith, purporting to act as receiver of the Anderson Transfer Company, to vacate the judgment, and February 26, 1897, the motion to vacate was overruled and the defendant was given leave to plead, the judgment to stand as security. The declaration was in assumpsit and contained a special count on the note and the common counts. Appellant pleaded the general issue verified by the affidavit of its secretary and want of consideration, alleging in the latter plea that the note represented the individual indebtedness of Frank S. Rolfe, and not the indebtedness of appellant. The jury found the issues for the plaintiff by their general verdict, and returned the following answers to the following special interrogatories, which were submitted to them on appellant's motion:

Q. "Did George A. Fuller on or about June 13, 1894, loan to Frank S. Rolfe, personally, the sum of $5,000?"

A. "No."

Q. "Are not the $5,000 represented by the check for that amount, given by George A. Fuller to Frank S. Rolfe, the debt of said Rolfe and not the debt of the Anderson Transfer Company?"

A. "No."

Motions for a new trial and in arrest of judgment were made by appellant, and overruled by the court, and judgment was entered on the verdict April 10, 1897, in substance affirming the judgment of February 12, 1897, from which judgment of April 10, 1897, appellant appealed.

Appellant's attorney contends that the court erred in overruling the motion to vacate the judgment of February 12, 1897. If this was error, it has been waived by appellant. Appellant has not appealed from the order overruling the motion to vacate, but from the final judgment of April 10, 1897. Also, by pleading and going to trial on the merits, he waived all objection to the former order. Uhlendorf v. Kaufman et al., 41 Ill. App. 373.

Even if appellant had not waived the question, the court could not pass on it, for the reason that it does not appear from the bill of exceptions that any evidence, by affidavits or otherwise, was offered in support of the motion. Affidavits apparently made in support of the motion are copied into the transcript of the record, but not being incorporated in the bill of exceptions, they are not properly a part of the record, and can not be considered by the court. Vandruff v. Craig, 14 Ill. 394; Lucas v. Farrington, 21 Ib. 31; Wright v. Hatchett, 12 Ill. App. 261.

March 25, 1897, the day the case was called for trial, the court overruled appellant's motion for leave to file an additional plea, and this is assigned as error.

The plea proposed to be filed by appellant, is as follows:

"IN THE SUPERIOR COURT OF COOK COUNTY.

"GEORGE A. FULLER,
        "v.                          No. 180681.
"ANDERSON TRANSFER COMPANY.

"For a further plea in this behalf the defendant, the Anderson Transfer Company, says that the plaintiff ought not to have his aforesaid action against it because it says: That the plaintiff, George A. Fuller and Frank S. Rolfe, president of the defendant company, conspired and colluded with knowledge of the want of power of said Rolfe to execute and deliver the supposed note mentioned in the plaintiff's declaration for the purpose of defrauding this defendant and its stockholders, and for the purpose of hindering and delaying the creditors of said defendant, fraudulently executed and delivered said note, and the plaintiff fraudulently caused judgment to be taken herein; that said note does not represent the indebtedness of this defendant, but the indebtedness of the said Frank S. Rolfe, and this the defendant prays may be inquired of by the country.

"ANDERSON TRANSFER COMPANY,
"By OTTO GRESHAM, Atty."

The record shows that, February 24, 1897, when the motion to vacate the former judgment was overruled, leave was given to appellant to plead within three days. The application for leave to file a new and independent plea was made on the day the case was set for trial, and as would appear from the record, when it was called for trial. It was a matter resting in the discretion of the court whether leave to file the plea should be granted, and there was not, under the circumstances stated, any abuse of discretion in refusing to grant leave. Brown v. Booth, 66 Ill. 419; Fisher v. Greene,

95 Ib. 94, Chicago & E. I. R. R. Co. v. O'Connor, 119 Ib. 586.

The plea, moreover, is clearly bad.  It avers fraud in general terms, and merely as a conclusion, not averring any facts from which that conclusion can be deduced, and assumes argumentatively that Rolfe had no power to execute the note in suit, without averring in terms that he had not such power, and is otherwise defective.

It is contended that the court erred in admitting the note sued on in evidence, for the alleged reason that there was not sufficient proof of its execution by appellant.   It was proved that the name of the appellant, which was signed to the note, was in the handwriting of Frank S. Rolfe, and that Rolfe was the president and treasurer of appellant at the date of the note, and appellant's attorney admitted on the trial that Rolfe was president and treasurer at that date.  It was also proved that when the note was delivered to appellee's attorney it had the impress of appellant's seal, and, subsequently to the admission of the note in evidence, Rolfe testified that he affixed to it appellant's seal. We are of opinion that the proof was sufficient to warrant the admission of the note in evidence; in other words, that the proof made a *prima facie* case for the admission of the note.   The appellee, Fuller, after the admission of the note in evidence, testified that he had had business transactions with the appellant, and that Rolfe was the financial agent and business manager of appellant.   In a suit against an individual on a promissory note, it is only incumbent on the plaintiff, on a plea of the general issue verified, to prove the genuineness of the signature of the defendant, and it is not perceived why the rule should be different in the case of a defendant corporation.

In McDonald v. Chisholm, 131 Ill. 273, 281, it was

held that "when a promissory note and warrant of attorney are executed in the name and under the seal of a corporation, it will be presumed that such instruments were executed by the authority of the corporation," citing: Phillips v. Coffee, 17 Ill. 154; Smith v. Smith, 62 Ib. 493; Sawyer v. Cox, 63 Ib. 130; Union M. L. Ins. Co. v. White, 106 Ib. 67.

In McDonald v. Chisholm, *supra*, the court lays stress on the fact that McDonald, who executed the note, was the president and general manager of the corporation, as was Rolfe in the present case when he executed the note sued on. See, also, Atwater v. American Ex. Nat. Bank, 152 Ill. 605, 619–20; Snyder Bros. v. Bailey, 165 Ib. 447, 451.

It appeared in evidence that prior to the execution of the note in suit, appellee had given to Rolfe, at a time when the latter was secretary of the company, his check for $5,000, which was paid, and that Rolfe had used the money in paying to one Doane indebtedness of the company to Doane for money loaned by Doane to the company; that Rolfe had executed to Fuller five promissory notes of the company, as evidence of the indebtedness to Fuller, and that the note in suit was executed in lieu of and as a settlement of the said five prior notes. It was a disputed question of fact on the trial, whether the $5,000 loaned by Fuller, the appellee, was a loan to Rolfe, personally, or to the company, and appellee introduced in evidence the appellant's books, among them the ledger, for the purpose of showing that the $5,000 loan made under Fuller was credited to him on the books of the company.

Opposite to the credit and on the debit side of the account were different items, amounting in all to $556.95. After the books had been introduced in evidence, and appellant's counsel had had ample opportunity to cross-examine the witnesses in respect to the

books, and after Rolfe, a witness for appellant, had been fully examined and dismissed from the witness stand, and other witnesses had been examined, appellant recalled Rolfe, when the attorneys for appellee objected to his further testifying, specifying, as ground for the objection, that there had been an adjournment and opportunity for conversation between the witness and appellant's attorney. Whereupon, the court inquired of appellant's attorney whether he recalled the witness on account of something forgotten in the original examination, to which appellant's attorney answered, no, and the court sustained the objection. Appellant's attorney then said: "Now I want the record to show my reason. I do not recall the witness because of something I omitted to ask him when on the witness stand, but to explain the entries on page 188, which were put in evidence by the plaintiff on the cross-examination of the witness Scates. Said witness Rolfe will testify that the entry was made of $5,000 as a matter of record between the plaintiff and himself as all his accounts were intermingled with those of the Anderson Transfer Company, and that he kept no books of his own, and that the charges against it are items that he, Rolfe, individually paid out for the benefit of Mr. Fuller, as against this credit, and that Fuller knew of payments made against the $5,000 by him, Rolfe."

Rolfe had previously testified that he knew nothing about the books, that he employed a competent bookkeeper, who looked after all the details of the business, and who was then in the court room.

The bookkeeper, William Scates, had also been called as a witness by appellant, and had been examined and cross-examined at length in reference to the account showing the $5,000 credit, and testified that he kept the books under the direction of Rolfe.

We are of opinion that the court did not err in excluding the evidence. On the cross-examination of Fuller, appellant's attorney asked him if any of his horses were kept in appellant's barn; also, if between January, 1894, and August, 1896, he and Rolfe owned horses together, to which questions objections were sustained, and appellant's attorney complains of this ruling. The questions were not competent as cross-examination, nor did they, in the least, relate to the issues, and they were properly excluded.

Appellant requested the court to give the following instruction: "If the jury find from the evidence that George A. Fuller loaned to Frank S. Rolfe $5,000, and this money was spent by said Rolfe for the benefit of the Anderson Transfer Company, still this fact of itself would not authorize you to find the verdict for the plaintiff."

Which instruction the court refused, but modified it by adding thereto the following words, viz.: "But if the corporation defendant, however, having used the money borrowed personally by its president, give its note to the plaintiff for that amount, then there is good consideration for the note and the company would be bound," and gave it so modified, to which refusal and modification of the instruction and the giving it so modified, appellant excepted. Appellant's attorney has not, in his argument, made any specific objection to the instruction as asked, but objects, generally, that no instruction of like effect was given. This, we think, is a mistake. The court had already, of its own motion, instructed the jury, in substance, that, in order to find for the plaintiff, they must believe from the evidence that Fuller, the appellee, loaned the $5,000 to appellant, and not to Rolfe, personally, and that this note was given for and represented said indebtedness. That the refusal of the instruction did

not prejudice appellant, is evidenced by the special finding of the jury that the loan was not made to Rolfe, and that the check given by appellee did not represent the debt of Rolfe. The instruction as asked went to the issue made by the plea of want of consideration, and to that issue only, and the modification did not change it in that respect, and the conclusion of the modified instruction, viz., "and the company would be bound," when taken in connection with the former part of the instruction, means merely that if there was such consideration as is mentioned in the instruction, the consideration was sufficient to bind the company in so far as the element of consideration was concerned. It could not mean otherwise in view of the prior instruction above mentioned, in connection with which it must be read. Appellant's attorney makes no objection to the giving or refusing of any other instruction, and therefore it must be presumed that assignments of error as to other instructions are abandoned.

Appellant's attorney, in his printed argument, says: "The only disputed fact in the record is, whether the note represented the indebtedness of the Anderson Transfer Company, the appellant, to Fuller, or the individual indebtedness of Frank S. Rolfe." This question of fact has been decided against appellant by the jury, and we can not say that the verdict is contrary to or manifestly against the weight of the evidence.

The judgment will be affirmed.