THE ANDERSON TRANSFER COMPANY

*v.*

GEORGE A. FULLER.

*Opinion filed June 23, 1898—Rehearing denied October 5, 1898.*

1. BILLS OF EXCEPTION—*affidavits in support of a motion must be saved in bill of exceptions.* Affidavits submitted in support of and against a motion are not part of the record so as to be considered on appeal, where, though copied in the transcript, they are not incorporated in the bill of exceptions and certified to by the judge.

2. SAME—*court's action presumed warranted in absence of bill of exceptions.* The trial court's action in denying a motion to vacate a judgment by confession will be presumed to have been warranted by the state of proof, where the affidavits submitted for and against the motion are not saved by a bill of exceptions.

3. TRIAL—*whether pleas shall be filed at trial is largely discretionary with trial court.* Whether the plaintiff shall be permitted to file an additional special plea at trial, after having already been allowed to file two others, is a matter largely for the trial court.

4. SAME—*whether witness shall be re-called is within trial court's discretion.* It is within the discretion of the trial court to grant or refuse an application for leave to re-call a witness who has been examined and dismissed from the stand.

5. APPEALS AND ERRORS—*trial court's discretion not subject to review in absence of abuse.* The action of the trial court in matters within its discretion will not be disturbed on appeal unless such discretion has been abused.

6. CORPORATIONS—*when authority to execute a corporate note will be presumed.* A note and warrant of attorney to confess judgment, executed in the name and under the seal of a corporation and signed by its president, will be presumed to have been authorized by the corporation.

*Anderson Transfer Co. v. Fuller,* 73 Ill. App. 48, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

OTTO GRESHAM, (JOHN S. COOPER, of counsel,) for appellant.

TENNEY, MCCONNELL, COFFEEN & HARDING, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On February 12, 1897, a judgment by confession was entered in the superior court of Cook county for the sum of $5847, in favor of the appellee and against the appellant company. The judgment was entered on a note, which comprised also a warrant of attorney to confess a judgment, purporting to have been executed by the appellant company by Frank S. Rolfe, as president and treasurer of the company, and to which was attached the corporate seal of the company, payable to the appellee, in the sum of $5600, with interest at the rate of six per cent per annum.

On the 15th day of February a motion to vacate the judgment was entered by the appellant company and also by one Hadley W. Smith, the latter purporting to act as receiver for the appellant company. It appears from the briefs of counsel that the affidavits of a number of persons, and some documentary evidence, were produced in support of the motion and the affidavits of a number of persons in opposition thereto, and that the motion was submitted to the court upon such proofs. On the 26th day of February, 1897, the court entered an order overruling and denying the motion to vacate the judgment, and a further order that the judgment should be opened to permit the defendant to plead to the declaration, and that the defendant should plead within three

days.  It does not appear that objection was made or
exception taken to the order and judgment of the court
denying and overruling the motion to vacate the judg-
ment, nor are the affidavits and documents which the
parties produced in court *pro et con*, upon the hearing of
the motion, preserved in the bill of exceptions.   Such
affidavits and documents are copied into the transcript
of the record, but not being incorporated in the bill of ex-
ceptions and certified to by the judge they are not a part
of the record for our consideration.   (*Wright* v. *Hatchett*,
12 Ill. App. 261; *Vandruff* v. *Craig*, 14 Ill. 394; *Mallers* v.
*Whittier Machine Co.* 170 id. 434.)   In the absence of a bill
of exceptions signed and sealed by the trial judge, show-
ing the proofs introduced, the presumption is the action
of the trial court was justified by the state of the proof.
(*Mallers* v. *Whittier Machine Co. supra.*)   It is therefore to be
considered the court properly overruled and denied the
motion to vacate the judgment.

On the first day of March, 1897, the appellant com-
pany filed a plea of the general issue and a special plea,
(No. 1,) verified by the affidavit of the secretary of the
appellant company, in which it was alleged "that it (the
appellant company) did not make and deliver the note
or writing in the declaration mentioned, in manner and
form," etc.   The cause came on for trial on the 25th day
of March, 1897, and before proceeding to trial the ap-
pellant company asked leave to file two additional pleas.
One of the pleas alleged there was no good or valuable
consideration for said note, and that the note was given
for the individual indebtedness of Frank S. Rolfe to the
appellee, and not the indebtedness of the appellant com-
pany, and this plea the court permitted to be filed.   It
may be designated as special plea No. 2.   The other plea
was as follows:   "For a further plea in this behalf the
defendant, the Anderson Transfer Company, says that the
plaintiff ought not to have his aforesaid action against
it, because it says that the plaintiff, George A. Fuller,

and Frank S. Rolfe, president of the defendant company, conspired and colluded, with knowledge of the want of power of said Rolfe to execute and deliver the supposed note mentioned in the plaintiff's declaration, for the purpose of defrauding this defendant and its stockholders, and for the purpose of hindering and delaying the creditors of said defendant fraudulently executed and delivered said note, and the plaintiff fraudulently caused judgment to be taken herein; that the said note does not represent the indebtedness of this defendant, but the indebtedness of the said Frank S. Rolfe, and this the defendant prays may be inquired of by the country." The court refused to allow it to be filed.

The time allowed by the court for appellant to file pleas had long since expired. The appellant company had filed the general issue and two special pleas, and leave to file this additional plea was not asked until the day on which the cause stood for trial. Whether the leave should be granted permitting the plea to be filed was largely a matter resting within the discretion of the court. It is only in case of an abuse of discretion that error can be assigned upon a refusal to exercise the discretion. (*Chicago and Eastern Illinois Railroad Co.* v. *O'Connor*, 119 Ill. 586; *Davis* v. *Lang*, 153 id. 175.) The plea does not aver that Rolfe had no power to execute the note, but merely assumes, argumentatively, that he had no such power. Nor does the plea set forth any fact or facts from which it would appear to the court that any fraudulent act had been committed, but states, merely as the conclusion of the pleader, that the making of the note and the entry of judgment thereon were fraudulent. That the note was given for the individual indebtedness of the president and treasurer of the company, Frank S. Rolfe, was fully and properly set up as a defense in the second special plea, which the court allowed to be filed. If the said president and treasurer was not empowered to execute the note, as assumed in the excluded plea, that

defense could be introduced under the first special plea. The remaining allegations relate to matters which were proper for consideration only in determining whether the judgment should be vacated, upon which the parties had been fully heard and the question determined by the court. The discretion resting in the court was properly exercised.

Issues were joined upon the pleas filed, and the cause was submitted to a jury, who returned a general verdict for plaintiff. The following special interrogatories were propounded to and answered by the jury, as follows:

Q. "Did George A. Fuller, on or about June 13, 1894, loan to Frank S. Rolfe, personally, the sum of $5000?

A. "No.

Q. "Are not the $5000 represented by the check for that amount, given by George A. Fuller to Frank S. Rolfe, the debt of said Rolfe and not the debt of the Anderson Transfer Company?

A. "No."

Appellant's motion for a new trial was overruled and judgment entered on the verdict. The appellant company prosecuted an appeal to the Appellate Court for the First District, and from a judgment of affirmance has prosecuted this appeal to this court.

It was proven that Frank S. Rolfe was the president and treasurer of the appellant company at the time of the execution of the note, and that he signed the corporate name of the company, by himself as president and treasurer, to the note, and that the note bore an impression of the seal of the appellant company at the time it was delivered to the appellee. In *Bank of Minneapolis* v. *Griffin,* 168 Ill. 314, we said (p. 317): "The general rule is, a corporation acts through its president, and through him executes its contracts and agreements, and an act pertaining to the business of the corporation, not clearly foreign to the general power of the president, done through him, will, in the absence of proof to the contrary, be pre-

174—15

sumed to have been authorized to be done by the corporate body.—*Moser* v. *Kreigh*, 49 Ill. 84; *Mitchell* v. *Deeds*, id. 416; *Smith* v. *Smith*, 62 id. 493; *Glover* v. *Lee*, 140 id. 102." Where a note and warrant of attorney are executed in the name and under the seal of the corporation, by its president, the authority to execute it will be presumed. (*Atwater* v. *American Exchange Bank*, 152 Ill. 605; *Snyder* v. *Bailey*, 165 id. 447.) The testimony, therefore, afforded *prima facie* proof that the instrument sued upon was the act and deed of the appellant company, and justified the submission of the note in evidence to the jury. *McDonald* v. *Chisholm*, 131 Ill. 273, and cases cited on p. 281.

Appellant contends that even if proven that the said company was indebted to the appellee in the amount of the said note, and if Rolfe, as its president, had, by virtue of his general powers as president, authority to execute and deliver a note of the company therefor, still the verdict of the jury should have been for the appellant company, unless the appellee should further prove the said Rolfe was authorized to incorporate in the note the warrant of attorney authorizing the confession of a judgment thereon. As we have before seen, the execution of the note and warrant of attorney by the president of the company in the name of the company, and authenticated by the seal of the company, established *prima facie* that the execution of the note and warrant were fully authorized by the company. The refusal of the court to vacate the judgment involved consideration and determination of the question of the power of the said president to execute a warrant authorizing the confession of a judgment. The appellant company, upon the hearing of the motion, should have introduced, and presumably did introduce, all testimony of the character necessary to enlighten the court upon that issue. The court denied the motion and the appellant company acquiesced in the decision of the court,—at least, if it had any objections thereto it has not preserved the same for review. The court, however,

opened up the judgment and allowed the appellant company to plead to the action, and empaneled a jury to decide the issue raised upon such pleas. It was sufficient to authorize the jury to render a verdict for the appellee if it was proven that the indebtedness was that of the company and that the president of the company had authority to make and deliver the note, even in the absence of proof or presumption of authority in the president to add the warrant of attorney to the note.

The appellee produced in evidence page 188 of the ledger of appellant company, on which page appeared the account of the appellee. It is assigned as for error the court refused to permit Frank S. Rolfe, president of the appellant company, who was introduced in its behalf as a witness, to explain certain entries in the said account on the said page of the ledger. It appears from the record that after the close of the testimony for the appellee the appellant company introduced its said president, Rolfe, and examined him at length as a witness in its behalf. Upon cross-examination the ledger and cash book of the company were produced and the attention of the witness called to the entries on page 188 of the ledger, and in answer to questions relating thereto the witness testified that he could not tell anything about the books; that he employed a competent book-keeper and had nothing to do with the books. The witness was subjected to a re-direct examination by counsel for the appellant company, and they had ample opportunity to interrogate him as to any entries upon the books, but did not do so, and he was dismissed as a witness. The book-keeper referred to, and other witnesses, were examined, and the appellant company subsequently desired to re-call its said president, for the purpose, as counsel stated to the court, of asking him to explain certain of the entries on page 188 of the ledger. It is within the discretion of the trial court to grant or refuse an application for leave to re-call a witness who has been examined

and dismissed from the stand. (1 Thompson on Trials, 349.) The mere refusal to do that which it is within the discretion of the court to do or not to do cannot be assigned as error, as courts of review only interfere when it is apparent that the refusal was an abuse of the discretionary power lodged in the court. Such is not here apparent.

Nor did the court err in refusing to permit counsel for the appellant company to propound certain questions to the appellee in his cross-examination. These questions were designed to elicit information as to transactions between the appellee and said Rolfe, president of the appellant company, in nowise connected with any issue the jury were called upon to decide and not in any manner pertinent to the cause.

The court correctly refused to give the first instruction as asked by the appellant. It was as follows:

"If the jury find, from the evidence, that George A. Fuller loaned to Frank S. Rolfe $5000, and this money was spent by said Rolfe for the benefit of the Anderson Transfer Company, still this fact, of itself, would not authorize you to find the verdict for the plaintiff."

The court modified the instruction and gave it as modified. We think the instruction was properly modified. However that may be, as the jury specially found that the appellee did not loan the money to said Rolfe, it is manifest the refusal to give the instruction did not prejudice the cause of the appellant company, and that the instruction could not have been of benefit to the company had it been given.

We find no error in the record, and the judgment must be and is affirmed.　　　　　　　*Judgment affirmed.*