## John W. Doane v. George A. Fuller.

88    515
a192s 617

1. DEBTOR AND CREDITOR—*Creditor Not Bound to Disclose Every Step He Takes to Secure Payment.*—A creditor is not bound to disclose to others dealing with the debtor, every step he may take to secure payment to himself.

Bill for Injunction.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed May 4, 1900.

JOHN S. COOPER, attorney for appellant.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellant, Doane, was surety for the Anderson

Transfer Company upon the appeal bond of the latter in the case of Anderson Transfer Company v. Fuller, 73 Ill. App. 48, and same case, 174 Ill. 221.

After the determination of said appeals adversely to the transfer company, Doane was sued, in debt, on said appeal bond. He thereupon filed in a chancery cause then pending, wherein the transfer company, himself, the appellee, Fuller, and other persons, were litigating over the affairs of the transfer company, a cross-bill and a supplemental cross-bill, which by virtue of subsequent orders, came to be called an original bill, as we will hereafter call it. To such bill a demurrer of the appellee, Fuller, was sustained, and Doane electing to stand by his bill, it was dismissed for want of equity. This appeal is from that order of dismissal.

The sole object of the bill was to restrain by injunction the prosecution of the suit at law upon the appeal bond, and some proceedings against a co-surety with Doane, whom Doane was bound to indemnify.

It is said in appellant's reply brief that the right of Doane to maintain his bill depends upon the sole inquiry, " Is the judgment by confession inequitable and against good conscience as against Doane."

The judgment by confession so referred to, is the one of Fuller against the Anderson Transfer Company, from which the appeals to this court and the Supreme Court were prosecuted, wherein the appeal bond executed by Doane as surety, was given, and upon which the suit sought to be restrained was instituted.

The decision and judgment of the Supreme Court finally settled substantially every objection that the transfer company might make to the judgment in the case in which the appeal bond was given. What objection remains to Doane, the surety upon the appeal bond ?

Doane's main reliance, as shown by the allegations of his bill, is the representation made to him by Fuller that he, Fuller, would lend the money (which was the basis of the judgment) to Rolfe individually—the purpose being to provide Rolfe with funds to free the transfer company from

Doane v. Fuller.

debt in order that its stock might be good collateral security to Doane—and it is claimed that the subsequent saddling of the indebtedness of Rolfe to Fuller, upon the transfer company, and the concealment from Doane of such subsequent transactions, whereby the company was wrecked and Doane's security destroyed, constitutes such fraud and injury as will protect him from liability upon the appeal bond.

The allegation of the bill is that the original agreement and transaction between Rolfe and Fuller was in fact as he, Doane, was told it would be, for a loan by Fuller to Rolfe, personally, for which the transfer company was in no wise liable, and that acting upon the faith of such transaction being as it was so represented to him to be, he had certain transactions with Rolfe and made certain loans to the transfer company; that about a year after the original loan was made by Fuller to Rolfe, the two conspired together for the purpose of imposing the burden of said personal loan to Rolfe upon the transfer company, and that Rolfe as president of the transfer company substituted the promissory notes of said company in place of his former personal obligation to Fuller; and that about a year later Rolfe gave to Fuller the judgment note of the company for the same indebtedness, and that about two years and eight months after the original transaction, the judgment was confessed that was the subject of litigation in the appeal suits first spoken of.

It appears from the bill that the money loaned by Fuller to Rolfe was used in paying a previous indebtedness owing by the company to the business firm of which Doane was a member, and we understand it to have been settled in the litigation between the transfer company and Fuller that the fact the money was so used constituted a good consideration for the giving of the judgment note by the company. We do not see how Doane can be in any respect advantaged as against Fuller because of the giving of such judgment note. There was never any agreement or representation by Fuller that he would never seek to get back

his money loaned to Rolfe except from him personally. The representation he made to Doane was of a present fact that he would loan the money to Rolfe. That is what he is alleged to have done, and it was not until a year afterward that he received the obligations of the transfer company therefor, and not until two years from the time the money was loaned that he received the judgment note of the company. The bill makes no claim that Fuller represented to Doane that he would never seek to get his money from the company if Rolfe failed to pay it.

We fail to discover that there was any misrepresentation by Fuller of any material fact upon which Doane may base a title for relief.

The claim, or theory, if there be in fact such a one, that Fuller was bound to disclose to Doane every step he might take to secure repayment to himself, or else render himself liable to Doane for moneys Doane might advance to the company in reliance upon its freedom from indebtedness to Fuller, has no support in any of the alleged facts. See Field v. Ridgely, 116 Ill. 424.

Without it being made to appear in some appropriate allegation that Fuller represented or agreed that he would not at any future time accept the obligations of the company, and thereby participate in the creation of obligations by it that would alter its condition, we are wholly unable to see why the fact that Fuller "concealed" from Doane the subsequent taking of the notes of the company, should cause Fuller to be responsible to Doane.

There are numerous other questions that have been argued, but we see no occasion to discuss them.

The decree of the Circuit Court should be affirmed, and it is so ordered.