TERRITORY OF HAWAII *v.* IRWIN MORGENSTEIN.

NO. 2853.

ARGUED MAY 15, 1952.     DECIDED DECEMBER 11, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

Plaintiff in error was convicted of conspiracy in the first degree.

The pertinent parts of the indictment charged: "* * * that Virgil Allen McDorman, Raymond Francis Doucette, Frank Smith and Irwin Morgenstein * * * did unlawfully, feloniously, knowingly, maliciously and fraudulently combine, mutually undertake, concert and conspire together to commit the crime of malicious burning in the first degree by wilfully and maliciously burning, in the night time, a certain building, same being then and there the property of Irwin Morgenstein and Elsie Mae Morgenstein, valued at Twenty-two Thousand Dollars * * *."

Nine errors are assigned. Seven are relied upon. They present two questions. First: Did the trial court err in admitting Territory's exhibit number 6 in evidence consisting of a photoreproduction of a promissory note executed by the defendant in which Virgil McDorman and Raymond Francis Doucette his coconspirators were payees? Second: Did the trial court err in admitting certain of the testimony of one George E. Whitaker as an expert in the field of fire-insurance adjustment?

Section 9883 of the Revised Laws of Hawaii 1945, as amended, provides in part: "Where any writing whatsoever shall have been copied by means of any * * * photographic device * * * which produces a facsimile impression or copy of such writing, such impression or copy, shall upon proof to the satisfaction of the court * * * that the same was taken or made from the original writing by means of such * * * photographic device * * * be sufficient

prima facie evidence of such writing without any proof that such impression or copy was compared with the original thereof, and without any notice to produce such original."

Prior to offering the exhibit in evidence, the Territory offered the following testimony of Lawrence K. M. Chun, an employee of Kodak Hawaii, and of Virgil McDorman one of the codefendants:

Witness Lawrence K. M. Chun:

"Q. I will show you Territory's Exhibit 6, marked for identification and I ask you whether or not you recognize this document?

"A. You mean the contents, or, —

"Q. No. What is it? What does it look like to you?

"A. It looks like a photo copy, a reproduction from the original.

"Q. Could you tell by looking at that document that it is a product of Kodak, Hawaii?

"A. I couldn't swear that it is a product of Kodak, Hawaii, I know that it is a reproduction.

"Q. Does your firm do similar work?

"A. Yes we do."

Witness Virgil McDorman:

"Q. And did you have occasion to make any photostats of these documents?

"A. I did. I made a photostatic copy of the, — I had it done at Kodak, Hawaii, a photostatic copy of the legal note.

\* \* \*

"Q. I will show you Territory's Exhibit 6 for identification, Mr. McDorman, and ask whether or not you recognize the same?

"A. Yes. I do.

"Q. Please tell the court and jury what it is.

"A. This is the note that I typed up in reference to our

agreement, between Doucette, Morgenstein, and myself, to burn this house, and his promising to pay us part of the proceeds of the insurance policy when the proceeds were collected.

"Q. Is that the original note itself?

"A. This is the photostat copy of the original note.

"Q. Is that the photostat copy that you had made at Kodak, Hawaii?

"A. Yes. It is."

The plaintiff in error contends that the requisites of section 9868 have not been complied with. That section requires "proof to the satisfaction of the court." This rule of admissibility places a greater onus upon the party offering the exhibit than if its admission rested in the discretion of the court. The word "satisfaction" and its related verb "satisfy" necessitate a greater quantum of proof than a mere preponderance. "Proved to the satisfaction of the court means by that quantum of proof," *Reinhardt* v. *Nehring,* 283 S. W. 347. It means to free from doubt or uncertainty, to lend assurance to. (*United Dentists* v. *Commonwealth,* 162 Va. 347, 173 S. E. 508; *Kelch* v. *State,* 55 Ohio St. 146, 45 N. E. 6.) The statute vests an unqualified discretion in the court of determining whether the photocopy of the original had in fact been reproduced and whether the testimony offered upon the fact of reproduction meets the requisites of the statute. That discretion is exercisable as a sound judicial one, and only where abused is subject to review. It is a legal and not a personal discretion. (*United States* v. *Hrasky,* 240 Ill. 560, 88 N. E. 1031; *Anderson Transfer Co.* v. *Fuller,* 174 Ill. 221, 51 N. E. 251; *Ching Hong Yuk* v. *United States,* 9 U. S. C. C. A. [Hawaii], 23 F. [2d] 174.)

The portions of the testimony of the witnesses Chun and McDorman set forth above were uncontradicted. Upon that uncontradicted testimony, the sole question being

upon the admission of the exhibit, the trial judge found that the prerequisites had been established.

Upon that testimony we find no abuse of discretion in the conclusion of the trial judge and no error in his finding upon that uncontradicted testimony that the requisites of the statute had been complied with.

One of the witnesses on behalf of the Territory was George E. Whitaker, an expert upon the subject of fire-insurance adjustment. In addition to his testimony in this field he testified with respect to the defendant Morgenstein's claim presented on his fire-insurance policy. The portions of that testimony assigned as error are:

Direct examination:

"Q. And in this case have you made a report to your clients as to whether or not the claim should be paid?

"A. Yes.

"Q. Please give the jury and his honor the result of that report.

\* \* \*

"A. (no response).

"Q. In other words, you advised your client, the fire insurance company, that this should not be paid?"

[Upon objection and motion for mistrial, the court denied the motion but ordered the question stricken.] It is upon this issue asserting prejudice in the asking of the question that the plaintiff in error asserts error.

"THE COURT: Gentlemen of the jury, the court at this time specifically instructs you to disregard the last question asked by Mr. Hawkins, and not to consider it as a fact before you. You will keep that in mind in your consideration. At this juncture the fact, stated in that question, is not a fact, before you. So far as you are concerned at this stage, it does not exist. You are to take it out of your minds. Proceed, Mr. Hawkins."

Cross examination:

"Q. What other kind of conclusion did you have in your report in this case?

"A. That it was a case to withhold payment, and let it go to suit. I thought we had sufficient ground to win this civil case on it."

Thus on cross examination the defense brought into evidence substantially the same conclusion called for by the question on direct examination which is now urged as the subject of error.

Having successfully prevented the introduction of that conclusion upon direct examination the plaintiff in error is now precluded from contending that it constitutes prejudicial error after voluntarily posing it to the jury. (*McKee* v. *State,* 75 Okla. Cr. 390, 132 P. [2d] 173; *Walthour* v. *State,* 191 Ga. 613, 13 S. E. [2d] 659; *Irwin* v. *State,* 194 Ga. 690, 22 S. E. [2d] 659; *State* v. *Koelzer,* 348 Mo. 468, 154 S. W. [2d] 84; *Wilson* v. *State,* 140 Tex. Cr. R. 424, 145 S. W. [2d] 890; *People* v. *Bartlett,* 312 Mich. 648, 20 N. W. [2d] 758.)

The remaining specifications of error have been examined and are found to be without merit.

The judgment is affirmed.

*H. M. Greenstein* (also on the briefs) for plaintiff in error.

*A. R. Hawkins,* Public Prosecutor (also on the brief), for defendant in error.