| | |
|---|---|
| 86 | 185 |
| 22a | 29 |
| 22a | 195 |
| 86 | 185 |
| 30a | 127 |
| 30a | 180 |
| 86 | 185 |
| 131 | 279 |
| 86 | 185 |
| 132 | 110 |
| 86 | 185 |
| 44a | 380 |
| 86 | 185 |
| 162 | 43 |
| 86 | 185 |
| 73a | 200 |
| 86 | 185 |
| 197 | ¹387 |
| 86 | 185 |
| 200 | ⁴ 83 |

WILLIAM ADAM

*v.*

GEORGE M. ARNOLD.

1. ACTION — *form of, on sealed instrument.* Since the passage of the Practice Act of 1872 the distinction as to the form of action on sealed and unsealed instruments is abolished.

2. JUDGMENT BY CONFESSION — *variance.* The fact that a sealed note payable at a particular place is described in the declaration as an unsealed note payable generally, furnishes no ground for declaring a judgment by confession under a power to be null and void.

3. SAME — *before debt is due.* Where a power of attorney to confess judgment on a note authorizes a confession of judgment at any time after the date of the note, a judgment confessed before the maturity of the note will be valid.

4. PRACTICE — *who may question amount of judgment — and how corrected.* A judgment by confession under a power, for a sum in excess of that due, can not be set aside at the instance of a stranger, although he be also a creditor of the debtor. The defendant in the judgment alone can complain, and he should have the error corrected on motion in the court below.

APPEAL from the Circuit Court of Will County; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. GEORGE S. HOUSE, for the appellants.

Messrs. SNAPP & SNAPP, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in the circuit court of Will county, by petition of William Adam, praying the court to declare certain judgments, entered in vacation by confession, to be null and void. On a hearing the court denied the prayer; and the petitioner appeals.

It appears certain parties had authorized judgments to be entered against them in vacation, before the clerk of the circuit court, by confession. The entries were duly made by the clerk, and executions were issued upon the several judgments so confessed, and the money made by the sheriff.

Appellant, having subsequently obtained a judgment against the same party, now seeks to obtain a preference over the more vigilant creditors by this motion.

There were six several judgments confessed by the debtor party, each one of which, appellant insists, is null and void; that, being so, Campbell, the sheriff, should pay the money over to him to satisfy his execution.

We have considered the grounds presented on this appeal and can not see the least shadow of a claim to the interposition of the court to adjudge these several judgments null and void. The material objection raised to the first judgment is, that the declaration counted upon an unsealed note payable generally, whereas the note filed with the clerk was a note made due and payable at a particular place.

There is nothing in this objection. Since the act of 1872, the distinction between sealed and unsealed instruments, as to the form of action to be brought upon them, is abolished. At most, a variance would be shown between the note declared on and the one filed; but that would not affect the validity of the proceedings. It is still a case within section 65 of the Practice Act, for it is evidence of a debt due.

Substantially of the same nature are the objections to the judgment noted as second, third, and fourth; whilst to the fifth the objection is, it is for too much, and therefore in excess of the power conferred. There may be a difference of a few dollars — no calculation is presented, and we have made none, but, if there was this difference, it would not render the judgment null and void. The defendant in the judgment should, on motion to the court, have the error corrected, if there be one. No ground is afforded a stranger to the record to make such an objection. Appellant is a stranger to these proceedings. The sixth judgment was attacked because the notes were not due when the confession of judgment was entered. The warrant of attorney, however, authorized a confession of judgment at any time after

the date ot the note.    A judgment entered under such circumstances was held valid in *Sherman* v. *Baddely*, 11 Ill. 622.

The record shows that, in all the cases, the proper papers were filed with the clerk, and we find no cause for adjudging the judgments null and void.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*