ALEXANDER J. McDONALD *et al.*

*v.*

SAMUEL S. CHISHOLM.

*Filed at Ottawa January 21, 1890.*

131  273
40a  354
131  273
152  620
131  273
60a  187
131  273
164  152
131  273
165  452
68a  158
·131  273
174  226
73a  52
74a  625
131  273
176  226

1. JUDGMENT BY CONFESSION—*before the debt is due.* A judgment by confession may be entered upon a promissory note before its maturity, when the warrant of attorney authorizes such entry at any time after the date of the note.

2. SAME—*whether for too much.* A corporation being desirous of obtaining advances to enable it to complete a piece of work, entered into a contract with one having money to loan, whereby the company was to give its judgment notes for $1800, with warrants of attorney for repayment on completion of the work, and the payee in the notes was to advance the company a sum sufficient for its purpose, not exceeding the sum named. Afterwards, the holder took a judgment by confession for the face of the notes. The proof showed that he had not advanced as much as the judgment, but it appeared that he had incurred debts, which, with the advances, exceeded the judgment: *Held,* that the judgment was properly allowed to stand for the whole amount.

3. CORPORATIONS—*power of officer—to execute warrant of attorney to confess judgment.* Where the president of a corporation is authorized to enter into a contract, under which another is to loan the company money, and the president is to make and deliver, on its behalf, a note

18—131 ILL.

for the money loaned, secured by a warrant of attorney to confess judgment, and such contract is entered into, and the president, in pursuance of its provisions, gives the warrant of attorney, the act will be binding on the corporation, even in the absence of the adoption of any resolution empowering him to give the warrant of attorney.

4. Same—*powers of officers and agents—presumption.* Where a promissory note and warrant of attorney are executed in the name and under the seal of a corporation, it will be presumed that such instruments were properly executed by the authority of the corporation.

5. The common seal of a corporation being affixed to an instrument, and the signatures of the proper officers being proved, the courts will presume that the officers did not exceed their authority. The seal itself is *prima facie* evidence that it was affixed by proper authority.

6. Where a private corporation allows its managing officer to so conduct himself, in his dealings and transactions on behalf of the company, as to lead the public, or those dealing with him, to reasonably believe him as possessing certain powers, the company will not be allowed to question such apparent power or authority as against one relying in good faith on the same.

7. If an act performed by an agent of a corporation would, under any circumstances, be within the authority delegated to the agent, a person dealing with him on the faith of his apparent powers, and without notice of facts showing that the act was unauthorized, may hold the principal liable, whether the act was authorized or not.

8. Same—*curing defective execution of instruments.* In giving a note, and power of attorney to confess judgment thereon, by a corporation, with the president as security, all the papers were properly executed, except that the corporate name was not signed to the note. Afterwards the secretary of the company, by the direction of the president, put the name of the company to the note: *Held,* that such action was sufficient to cure the defective execution of the note, especially when the power of attorney in terms imposed on the corporation the duty to pay the note.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Egbert Jamieson, Judge, presiding.

This was a bill in equity, brought by Alexander J. McDonald and the Circulating Boiler Company, to set aside certain confessions of judgment entered in favor of Samuel S. Chisholm, and to enjoin the sale of certain letters patent which McDon-

ald possessed, relating to an improvement in sectional steam boilers.

On the 16th day of December, 1886, Alexander J. McDonald was president and manager of a corporation known as the Circulating Boiler Company, and, on the date named, Samuel S. Chisholm, the appellee herein, as party of the first part, entered into a contract in writing with the company and McDonald, as parties of the second part, which provided as follows:

"The party of the first part agrees to advance and lend to the party of the second part the sum of twelve hundred ($1200) dollars, or so much thereof as shall be necessary, for the purpose of enabling the party of the second part to build one water tube boiler, containing the invention of the said Alexander J. McDonald, as described and claimed in his application for letters patent of the United States for an improvement in sectional steam boilers, executed and sworn to by him on the 3d day of December, 1886, the said boiler to be built and constructed for the firm of Millar & Co., operators of coffee and spice mills, of Chicago, for the sum of one thousand ($1000) dollars, which said Millar & Co. are to pay for sixty days from the completion of said boiler.

"Said Chisholm agrees to pay and advance the said sum of twelve hundred ($1200) dollars, or so much as shall be necessary, as aforesaid, in the following manner, and not otherwise,—that is to say, as bills for labor and materials to be used in the construction of said boiler are incurred by the party of the second part, said Chisholm will pay or settle for said bills as the same are presented to him, to the extent of said sum of twelve hundred ($1200) dollars:

"The party of the second part agrees to secure the said Chisholm the repayment of the said sum of twelve hundred ($1200) dollars, or so much thereof as he shall advance, in the following manner: The Circulating Boiler Company and said Alexander J. McDonald are to execute their joint and several

promissory judgment note to the said Samuel S. Chisholm for the said sum of twelve hundred ($1200) dollars, which said note is to be made payable in ninety (90) days from the date thereof, with interest at the rate of eight per cent per annum; and said note is to have attached thereto a warrant for the confession of judgment thereon."

The contract also provided that the patent issued to one Colby in 1884, and McDonald's invention, should be assigned to one Dayton, to be held in trust to secure the payment of the advances. On the same day another contract was made, which, among other things, provided that in case Chisholm should be satisfied with the value and efficiency of the boiler when erected, he, at his option, might require McDonald to join with him in the formation of a corporation for the manufacture of boilers, under the invention of McDonald.

In accordance with the agreements, McDonald commenced the construction of the boiler, Chisholm advancing the money, from time to time, as he had agreed to do, until he had paid out and become liable for more than $1200. In the meantime McDonald became confined to his house by sickness, and was unable to superintend the construction of the boiler. On the 11th day of January, 1887, Chisholm, in company with John W. Graham, secretary of the boiler company, called on McDonald, and Chisholm informed McDonald that the funds agreed to be advanced had been exhausted and the boiler was not completed. Chisholm then proposed that he would advance the amount necessary to complete the boiler, provided McDonald and the Circulating Boiler Company would secure him by giving a judgment note for $600, similar to the prior judgment note of $1200 which they had executed. Thereupon a note for $600, with power of attorney to confess judgment, was executed, attested by the official seal of the corporation. On the 13th day of January, 1887, judgment by confession was entered on the two notes, for the amount thereof. Shortly after the judgment was entered the boiler was completed, but

it turned out to be a failure. On the hearing in the Superior Court the judgment was vacated, but on appeal to the Appellate Court that judgment was reversed.

Messrs. WOOLFOLK & BROWNING, for the appellants:

The confession should be set aside as premature. *Baldwin* v. *Freydendall,* 10 Bradw. 106; *White* v. *Jones,* 38 Ill. 159; *Tucker* v. *Gill,* 61 id. 240.

The name of the company was signed to the $1200 note by Graham, at Chisholm's command, on the same day that he signed the $600 note. He was not authorized by the company to sign either. Therefore, the notes and warrants for confession were void. (*E. & P. D.* v. *Cecil,* 23 Ill. App. 45.) As to the $600 note, it was signed by Graham, as the agent of McDonald and of the boiler company.

On note made by an agent, the plaintiff must prove the agent's authority by a preponderance of testimony. Edwards on Bills and Notes, sec. 966; *Johnson* v. *Mason,* 1 Esp. 90; *Moon* v. *McClure,* 8 Hun, 557; *Pole* v. *Leask,* 33 L. J. 161; *Reynolds* v. *Ferree,* 86 Ill. 570; *Erie Co.* v. *Cecil,* 112 id. 189; *Proctor* v. *Tows,* 115 id. 138; Wharton on Agency, sec. 459; 2 Parsons on Bills, p. 478.

As to the mode of execution by corporate bodies, see *Phillips* v. *Coffee,* 17 Ill. 154; *Smith* v. *Smith,* 62 id. 493; *Sawyer* v. *Cox,* 63 id. 130; *Bills* v. *Stanton,* 69 id. 51; 93 id. 153.

Mr. JESSE Cox, for the appellee:

Where power of attorney so authorizes, confession of judgment at any time after date of the note is good. *Sherman* v. *Baddely;* 11 Ill. 622; *Adam* v. *Arnold,* 86 id. 185; *Towle* v. *Gonter,* 5 Bradw. 409.

There can be no doubt that the execution of a warrant of attorney to confess judgment, by the president of the corporation, or by his authority, in the name of the corporation, and under the seal of the corporation, raises the presumption

that such instrument was properly executed by the authority of the company, and this presumption would certainly stand until rebutted in a proper case on behalf of the corporation. *Millard* v. *Female Academy*, 8 Bradw. 341; *Phillips* v. *Coffee*, 17 Ill. 154; *Reed* v. *Bradley*, id. 321; *Mitchell* v. *Deeds*, 49 id. 416; *Smith* v. *Smith*, 62 id. 493; *Sawyer* v. *Cox*, 63 id. 130; *Distilling Co.* v. *Brant*, 69 id. 658; *Life Ins. Co.* v. *White*, 106 id. 67.

The fact that a corporate seal is attached, is *prima facie* evidence that the instrument received the assent of the company. Angell and Ames on Corp. (6th ed.) sec. 224; *Reed* v. *Bradley*, 17 Ill. 325.

The presumption of authority to affix the common seal of a corporation, from the evidence that it is affixed to an instrument, will not be overcome by the mere fact that there was no vote of the directors on the subject. Angell & Ames on Corp. (6th ed.) sec. 224.

With regard to the fixing of the name and seal of the corporation to the $600 note by Graham, as secretary: He, in the sickness and absence of McDonald, was the only officer of the corporation who had power to act. He had, under the by-laws of this company, the custody of the corporate seal; and his authority to use it in the execution of instruments, in the absence of the president, will therefore be presumed. *Bank of Vergennes* v. *Warren*, 7 Hill, 95.; *Leavitt* v. *Steam Saw Mill*, 6 Paige, 54; *Commercial Bank* v. *Courtright*, 22 Wend. 348; *Phillips* v. *Coffee*, 17 Ill. 154; *Smith* v. *Smith*, 62 id. 493.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

It is said that the judgment should be vacated, for the reason that, under the agreements executed by the parties when the $1200 note was given, no part of the $1200 became due until the boiler was completed. Conceding that the notes upon which judgment was confessed were not due at the time the

judgment was entered, that alone is not a sufficient ground to set aside the judgment. The warrants of attorney attached to the notes authorized the entry of judgment upon them at any time after the date of the notes, and in *Adams* v. *Arnold*, 86 Ill. 185, it was held that a judgment confessed under a warrant of attorney of that character was valid, although the notes at the time were not due. Whether the fact that the notes were not due appeared from the face of the notes or from a collateral agreement executed at the same time that the notes were given, can make no difference. The principle that governs in the one case must control in the other.

It is also claimed that the two notes upon which judgment was rendered were not properly executed, and that they were not obligatory obligations against the Circulating Boiler Company. We will consider the objections to the $1200 note first. It appears from the evidence that the $1200 note was properly executed by A. J. McDonald, and the power to confess judgment, attached to the note, on the same sheet of paper, was duly executed by McDonald and "The Circulating Boiler Co., by A. J. McDonald, Prest.," with the corporate seal attached, but by an oversight the name of the Circulating Boiler Company was not signed to the note on the date it was drawn up and executed by McDonald. On the 11th day of January, 1887, however, when the $600 note was executed, the secretary of the company added to the $1200 note the signature of the company, by the direction of McDonald, acting as president. If McDonald authorized Graham, secretary of the company, to put the name of the Circulating Boiler Company to the note, with the corporate seal attached, and under the authority conferred the secretary did so, we think this might be regarded as sufficient to cure the supposed defective execution of the instrument. McDonald denies that he authorized Graham to sign the name of the company to the note, but Graham and Chisholm both testify that he did, and we think the evidence clearly preponderates in favor of that view. Moreover,

the power of attorney attached to the note, which was properly executed by the corporation, in plain terms imposes upon it an obligation to pay the $1200 named therein.

It is also claimed that McDonald was not authorized by the boiler company to execute a power of attorney to confess judgment on the $1200 note. Under the contract dated December 16, 1886, executed by the boiler company, under which Chisholm entered into the arrangement to advance $1200, it was expressly agreed that the $1200 note should be given with a power of attorney to confess judgment. It is nowhere claimed that this contract was not executed by the authority of the boiler company, nor is its validity disputed. If, therefore, McDonald, as president of the company, had the authority to execute this contract for and in behalf of the boiler company, as the power of attorney to confess judgment on the note was provided for and authorized by the contract, the authority to execute the power of attorney to confess judgment on the note is beyond dispute.

We now come to the $600 note, and warrant of attorney to confess judgment thereon. There is a conflict in the evidence in regard to what was said and done when the $600 note was executed. Graham, who was, at the time, secretary of the company,—and, so far as appears, entirely disinterested,— testified, in substance, that he and Chisholm, on January 11, 1887, called at the house of McDonald, who, at the time, was "sick in bed;" that Chisholm told McDonald that all the money he had advanced had been already expended, and that to the best of his judgment it would require about $600 more to finish the boiler. McDonald said he was too sick to sign the note; Chisholm said I would do just as well, and McDonald said to sign his name, and stamp the name of the Circulating Boiler Company with the stamp I had with me. He said the note was to be the same as the former one,—the $1200 note." The testimony of this witness was fully corroborated by Chisholm, and as it is only contradicted by McDonald, an inter-

ested witness, the execution of the note as declared by Graham may be regarded as established.    It thus appears the name of the company was signed to the note, and power to confess judgment, by the secretary of the company, under and by the direction of the president and manager of the company, with the seal of the corporation attached.

Where a promissory note and warrant of attorney are executed in the name and under the seal of the corporation, it will be presumed that such instruments were executed by the authority of the corporation.    (*Phillips* v. *Coffee,* 17 Ill. 154; *Smith* v. *Smith,* 62 id. 493 ; *Sawyer* v. *Cox,* 63 id. 130 ; *Life Ins. Co.* v. *White,* 106 id. 67.)    In Angell & Ames on Corporations, (sec. 224, 11th ed.) the author says :  "When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority."    It is true that no resolution or vote of the board of directors authorizing the execution of the note and warrant of attorney was introduced in evidence, and it may be, as contended, that there was no such resolution or vote in existence.    But McDonald was president and general manager of the corporation.    He had executed, in behalf of the corporation, a contract, which, it is conceded, was authorized, under which Chisholm had made the advances to pay for the construction of a boiler; he had executed a $1200 note, with warrant of attorney attached, to cover such advances, which had proved insufficient; he had also executed another note, to the Park National Bank of Chicago, with a warrant of attorney to confess judgment attached, and his authority to do so was not, so far as appears, questioned, but ratified, by the corporation. From this course of dealing, and from the further fact that the note and warrant of attorney were executed to carry out the original design of the contract executed by the boiler company, under which Chisholm made advances to pay for the

construction of the boiler, it is but fair to· presume that the execution of the $600 note and warrant of attorney by him were within the scope of the apparent powers entrusted to him by the corporation. Under such circumstances, appellee, who was a stranger to the corporation, could not be required to inquire as to the extent of power conferred upon him by the corporation. The rule on this subject is well stated by Morawetz on Corporations, (vol. 2, sec. 597,) as follows: "The general rule is established, that if an act performed by an agent would, under ordinary circumstances, be within the authority delegated to the agent, a person dealing with him, in good faith, on the faith of his apparent powers, and without notice of facts showing that the act was unauthorized, may hold the principal liable, whether the act was authorized or not." Chisholm knew that McDonald was authorized to bind the corporation for money advanced to pay for the construction of a boiler, because he had done so to the extent of $1200, with the acquiescence of the corporation. His apparent power to act was thus established, and Chisholm, acting in good faith, had the right to deal with him as an authorized representative of the corporation. We think the notes and warrants of attorney were binding on the corporation.

It appears ·that at the time the judgment was rendered, Chisholm had paid out, under the contracts between him and McDonald, only the sum of $1034, and it is claimed that the judgment in excess of that amount should, in any event, be set aside. This position is fully met by the evidence, which shows, that in addition to the amount actually paid, Chisholm had incurred indebtedness on account of the construction of the boiler, under the contracts, in a sum exceeding the amount of the judgment. Under such circumstances, we think Chisholm was entitled to judgment for the full amount of the notes.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*