### J. M. Shepherd v. E. T. Wood et al.

1. JUDGMENTS BY CONFESSION—*When to be Entered.*—Under a warrant attached to a promissory note empowering any attorney to appear for the makers in any court of record, in term time or vacation, waive the issue of service of process and confess judgment against them for the sum named in such note and interest unpaid at time of said confession, at any time after the execution of such note and warrant, a judgment may be entered at any time after the execution of the note and warrant.

2. SAME—*Construction of the Warrant.*—If the language of a warrant of attorney for the confession of a judgment is ambiguous it is to be construed most favorably for the beneficiary therein and against the persons who execute it.

**Motion to Vacate a Judgment.** Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded with directions. Opinion filed February 9, 1898.

JOHN R. & WALTER EDEN, attorneys for appellant.

The note and warrant of attorney having been executed at the same time, and in reference to the same subject-matter, must be construed together and considered as one transaction. Sherman v. Baddely, 11 Ill. 622.

The law will imply that judgment is to be in favor of the party who, upon the note, appears to be entitled

Shepherd v. Wood.

to the money.   Packer v. Roberts, use of, etc., 40 Ill. App. 445.

W. G. Cochran, attorney for appellees.

Mr. Justice Burroughs delivered the opinion of the Court.

In vacation, on January 11, 1897, the appellant filed with the clerk of Moultrie County his declaration in assumpsit against appellees, in which he claimed a judgment in vacation against them on the promissory note, warrant of attorney and written assignment indorsed on the note filed with the declaration, which are as follows:

"$326.11.    Lovington, Illinois, December 17, 1896.

"Four months after date, for value received, we or either of us promise to pay to the order of M. T. Shepherd at the 'Home and Time Deposit Bank,' Lovington, Ill., three hundred twenty-six and 11-100 dollars, with interest at seven per cent per annum from maturity.

"We hereby empower any attorney in any court of record, in the State of Illinois or elsewhere, to appear for us in any court of record, in term time or vacation, and waive the issue of service of process and confess judgment against us for the above sum and per cent that will be unpaid at time of said confession, at any time hereafter, with costs and thirty six dollars as attorneys fees therein, releasing all errors and waiving appeals in said cause without relief whatever from exemption laws.

"Witness our hands and seals the day and year above written.

"E. F. Wood, [L. S.]
"S. S. Wood, [L. S.]"

Indorsed on note, "Pay to the order of J. M. Shepherd.                                "M. T. Shepherd."

And there was filed with said declaration, promissory note, warrant of attorney and written indorsement, an affidavit of appellant that the signatures of appellees to said note and warrant of attorney are the genuine signatures of appellees. And there was also filed with said declaration a cognovit signed by John V. Burns, attorney for defendants, confessing judgment in favor of the plaintiff, for the amount of $362.11 over and above costs, etc.; and on January 11, 1897, a judgment was rendered in vacation for $362.11 and costs.

A notice was given by appellees to appellant that a motion would be made before Judge Vail, one of the judges of said Circuit Court, at Chambers, on January 27, 1897, for an order to stay the execution issued on said judgment. Upon hearing said motion, Judge Vail made an order staying the execution, and that the judgment and execution lien remain valid until the further order of the court.

At the April term, A. D. 1897, of the Circuit Court of Moultrie County, that court, on motion of appellees, ordered that said judgment be set aside and the execution issued thereon be quashed. To the entry of this order appellant excepted, and by appeal to this court seeks to reverse the same. Appellee's counsel in his brief, filed in this court, contends that the judgment rendered in vacation was not authorized by the warrant of attorney, because the note was not due when the judgment was entered, and the judgment is in favor of the appellant, who was assignee of the note, and not the payee thereof.

We think, however, that there is no merit in this contention, for either of the two reasons alleged; because we think the reasonable construction of the warrant of attorney is that it authorized a confession of judgment upon the note, for the sum of money therein named, at any time after the execution thereof; and to

the person who by the note and the indorsement thereon, it appears, is entitled to the money due thereon. See Parker v. Roberts, 40 Ill. App. 445, and cases therein cited; also that case in 140 Ill. 671.

The note and warrant of attorney having been executed at the same time, and in reference to same subject-matter, must be construed together and considered as one transaction. Sherman v. Baddely, 11 Ill. 622.

If the language of the warrant of attorney in question is ambiguous, it should be construed most favorably for the beneficiary therein, and against the parties who executed it. Cummins v. Holmes, 11 Ill. App. 158, and the cases therein cited.

The order of the Circuit Court of Moultrie County vacating and setting aside the judgment rendered in vacation in this case, and in quashing the execution issued therein, is reversed; and this case is remanded to that court, with directions to reinstate the judgment entered in vacation, and the execution issued thereon.

Order reversed and case remanded with directions.