# Hannah Allport, Defendant in Error, v. Charles Meutsch et al., Plaintiffs in Error.

## Gen. No. 15,739.

1. JUDGMENTS—*when amount sufficiently definite in, entered by confession.* *Held,* that it sufficiently appeared from the entire transcript in this case that the failure to designate dollars in certain parts thereof did not render the amount for which the judgment was rendered uncertain.

2. JUDGMENTS—*when, entered by confession, not invalid.* Failure to fill with an amount, a blank authorizing attorney's fees in a warrant of attorney to confess judgment does not render invalid a judgment by confession which does not include attorney's fees.

3. JUDGMENTS—*when entered by confession not premature.* Notwithstanding the note was not due at the time of the entry of judgment by confession, its entry was not premature if the warrant of atorney provides for confession of judgment at any time after the date of the note.

4. JUDGMENTS—*when usury does not affect, entered by confession.* In the absence of an attempt to open a judgment for usury and in view of a release of errors contained in the warrant of attorney, inclusion of usury in the judgment entered by confession will not effect its reversal on review.

5. JUDGMENTS—*effect of entry of second.* If the first judgment in the case be valid a second judgment entered upon the same cause of action will be reversed.

Judgment by confession. Writ of error to the Circuit Court of Cook county; the HON. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1909. Reversed. Opinion filed November 20, 1911.

PRENTISS, PUTNEY, MEEK & SOLBERG, for plaintiffs in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

May 5, 1909, judgment by confession was entered in the Circuit Court of Cook county in favor of Hannah Allport against Charles Meutsch and Martha Meutsch for $535 and costs. The narr or declaration, which was in the usual form for a suit on a promissory note (except as hereinafter stated), was accompanied by a cognovit signed by an attorney. It admitted that the plaintiff had "sustained damages * * including the sum of twenty-five dollars for her reasonable attorney's fees for entering up this judgment over and above her other costs and charges by her about her suit in this behalf expended to the amount of five hundred and thirty-five dollars", * * * and recited that "the said defendants—further agree— * * that—he— hereby release—all errors that may intervene in entering up the" judgment. * * *

A note with a warrant of attorney, drawn in the following terms, was annexed to the narr and cognovit:

"No. 1.                           April 29, 1908.

Two years after date for Value Received we promise to pay to the order of Mrs. Hannah Allport Five Hundred Dollars at 3517 Dearborn St., with interest thereon at the rate of 10 per cent. per annum, payable——

This note is for money loaned for Wm. Meutsch Defense.

And to secure the payment of said amount........ hereby authorize, irrevocably, any attorney of any Court of Record to appear for..........in such Court, in term time or vacation, at any time hereafter and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and........ dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that....... said attorney may do by virtue hereof.

Chas. Muetsch.

$500.                          Martha Muetsch."

The narr and cognovit was endorsed with an affidavit of a third person to the genuineness of the signatures to the note, and a judge of the Circuit Court of Cook county had also, evidently before the judgment was entered of record in due form for $535 and costs, made and signed a memorandum thereon as follows:

"Let judgment be entered in the sum of five hundred thirty-five, principal and interest, and leave given to withdraw original note upon filing a certified copy thereof with the Clerk of this Court."

June 3, 1909, another judgment in the same cause was entered of record in the following terms:

"Hannah Allport

vs.                                    Confession.

Charles Meutsch and Hannah Meutsch.

This day comes the plaintiff herein and remits the sum of thirty-five dollars interest from the judgment heretofore on May 5, 1909, rendered herein by confession.

"And it is ordered by the Court that the sum of fifty dollars attorney's fees be taxed herein, and that final judgment be entered herein accordingly.

"Therefore it is considered by the Court that the plaintiff do have and recover of and from the defendants the sum of Five Hundred and Fifty Dollars, being the residue of the amount of the original judgment heretofore by confession on May 5, 1909, entered herein and the amount of attorney's fee so taxed by the Court, and that the plaintiff have execution against the defendants for said judgment, together with her costs and charges in this behalf expended."

On this record the plaintiffs in error have made four assignments of error:

*First*: That the Judgment entered on May 5, 1909, is void. *Second*: That the court erred in entering judgment on the power of attorney contained in the note filed. *Third*: That the court erred in entering judgment against the defendants herein, or either of

them, for attorney's fees on June 3, 1909. *Fourth*: That the judgment entered June 3, 1909, is void.

The plaintiff in error—the defendant below—points out in argument here that certain spaces left blank in the body of the note (which was on a printed form), together with the amount of the attorney's fees authorized to be paid, "appear to have been disregarded by the parties to the instrument," and also that in what plaintiff in error calls "a judgment order entered in said suit by one of the judges of the Circuit Court," the sum of the said judgment was named at "five hundred and thirty-five," without any denomination in terms of money, and that this absence of any definite statement of amount exists also in the declaration.

But an inspection of the transcript of the narr shows that while the denomination of "dollars" after the "five hundred and thirty-five" in the *"ad·damnum* clause"* has been carelessly omitted, there follows in figures, "535" preceded by the dollar sign. It also appears from a careful reading of the note and the warrant of attorney appended to it, that the non-filing of the blanks does not render the terms of the note inconsequent, unmeaning, or even ambiguous. The failure to fill up the amount of attorney's fees authorized, in our opinion renders a confession of judgment under the note by an attorney nugatory so far as such fees are concerned, but not otherwise.

As there is no allowance for attorney's fees in the judgment of May 5, 1909, but only interest at 7 per cent for one year in addition to the principal, the blanks in the warrant of attorney do not affect the validity of that judgment.

It is a misnomer to speak of the memorandum of the judge on the back of the narr and cognovit as "the judgment order." The "judgment order" appears in the transcript as it was formally entered in the records of the court, and contains a proper denomination of the amount for which it was entered. That the note

was not due does not render the judgment erroneous. The warrant of attorney provides for the confession of judgment at any time after the date.

It is true that on its face the note provided for interest usurious under the law of Illinois; but in the absence of any attempt to open the judgment of May 5, 1909, on that account, and in view of the release of errors contained in the warrant of attorney, this does not authorize us to interfere with that judgment. The face of the note indeed does not show where it was made or where it was payable.

We make no order regarding the judgment of May 5, 1909.

As we have not been favored by the defendant in error with a brief or argument, we do not know on what she relies to sustain the subsequent judgment in this cause, entered on June 3, 1909. It appears to be wholly without warrant or authority of any kind. The statement of the proceedings in the court below, with which this opinion is introduced, sufficiently shows, without further explanation, why it cannot stand. This judgment of June 3, 1909, to reverse which only this writ of error (according to the praecipe filed for it) seems to have been sued out, is reversed.

As hereinbefore stated, we make no order of any kind as to the judgment of May 5, 1909.

*Reversed.*