**H. M. Johnson, Receiver, Defendant in Error, v. Thomas Hennessey and Mrs. H. M. Dettmar, Plaintiffs in Error.**

**Gen. No. 21,690. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 31, 1916.

### Statement of the Case.

Action by H. M. Johnson, receiver, plaintiff, against Thomas Hennessey and Mrs. H. M. Dettmar, defendants, in the Municipal Court of Chicago, to recover for rent due under a written lease. To reverse a judgment entered for plaintiff by confession under power in the lease, defendants prosecute this writ of error.

Defendants moved on the affidavit of defendant Hennessey to open the judgment and to be let in to defend the action. The affidavit sets forth that the defendant Dettmar was in physical possession of the premises leased; that she was "raided" on a charge of maintaining a disorderly house; that plaintiff told Hennessey that tenants in the building complained about the disorderly establishment and compelled her to move; that he, Hennessey, never had any physical possession and signed the lease as guarantor only.

BENJAMIN E. COHEN, for plaintiffs in error.

C. W. MULFINGER, for defendant in error; DEMING & JARRETT, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 82*—*when motion to open judgment by confession properly denied.* A court is not authorized to open a judgment by confession in an action against two defendants to recover rent due under a written lease under which one defendant was lessee and the other guarantor, where the affidavit filed in support of the motion to open shows that at the request of plaintiff defendant guarantor removed defendant lessee from the demised premises for keeping a disorderly house, such facts not being a defense to the action for rent.

2. LANDLORD AND TENANT, § 6*—*when guarantor of lease regarded as lessee.* In an action to recover rent due under a written lease where one defendant executes as lessee and the other as guarantor, the rights of the parties must be admeasured by the lease, and both defendants are, as to plaintiff, lessees thereunder and bound to perform its covenants, including that for payment of rent, although the relation of principal and guarantor may exist as between defendants and lessee may be bound to recompense guarantor for amounts which he may be compelled to pay as such.

3. LANDLORD AND TENANT, § 443*—*when relation not terminated by act of colessee.* Where a lease is executed by one as lessee and by another as guarantor, the relation of landlord and tenant existing by virtue of the lease between lessor and guarantor is not terminated, and such guarantor is not relieved from liability as such by reason of the fact that at the request of lessor guarantor removed lessee from the demised premises for keeping therein a disorderly house, guarantor being liable to lessor for allowing his cotenant to conduct a disorderly house on the demised premises, and under a duty to suppress such conduct by such cotenant.

4. CONTRACTS, § 164*—*when parol evidence not admissible for purpose of construction.* Where a written instrument is not ambiguous, parol evidence to construe its terms is incompetent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.