CHICAGO—FIRST DISTRICT—JANUARY, 1922.    249

Great Western Hat Works v. Pride Hat Co. et al., 224 Ill. App. 249.

## Great Western Hat Works, Appellee, v. Pride Hat Company and Samuel Katz, on appeal of Samuel Katz, Appellant.

### Gen. No. 26,892.

1. BILLS AND NOTES—*when judgment may be confessed before maturity of notes*. Under a power of attorney contained in promissory notes authorizing any attorney of any court of record to appear for "us in such court in term time or vacation, at any time hereafter, and confess a judgment without process," judgment may be confessed before the maturity of the notes.

2. JUDGMENT—*how affidavit in support of motion to open up judgment by confession construed*. An affidavit in support of a motion to open up and vacate a judgment by confession under a power of attorney is strictly construed against the pleader.

3. EVIDENCE—*when parol evidence not admissible*. Where promissory notes plainly showed an unconditional promise on the part of both makers to pay, parol proof could not be received to vary their terms.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed January 23, 1922.

SCHOENBROD & ROSENGARD, for appellant.

LOUIS J. DELSON, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff below caused a confession of judgment to be entered against defendant appellant in the sum of $1,431.85, with an allowance of $150 attorneys' fees, upon six promissory notes. All these notes were dated May 2, 1919, payable to the order of the plaintiff, with power to confess judgment. The notes were signed, "Pride Hat Co. by Samuel Katz, president," and underneath this signature appeared the further signature, "Samuel Katz."

The judgment against defendant appellant was entered September 8, 1920, and the notes were not, by the terms thereof, due at that time. The defendant, Samuel Katz, made a motion to open up and vacate the judgment, which motion was denied, and from that order this appeal is taken. In support of the motion the affidavit of Samuel Katz was submitted. It set forth that none of the notes upon which judgment was entered was due and payable at the time of the entry of judgment and the respective dates upon which the notes would become due; that the notes were executed upon consideration of merchandise sold and delivered to the Pride Hat Company; that Samuel Katz signed said notes as a maker at the request of the plaintiff, for the purpose of guaranteeing payment of said notes by the Pride Hat Company, and as surety for the said Pride Hat Company; that he was not indebted to the plaintiff in any sum of money personally, but merely executed them as a comaker with the Pride Hat Company, for the purpose of guaranteeing payment of said notes; all of which facts plaintiff had full knowledge of at the time of the execution of said notes.

The affidavit did not deny that the amount named in the notes as an indebtedness was in fact owing.

The power of attorney on each of these notes authorized irrevocably any attorney of any court of record to appear for "us in such court in term time or vacation, *at any time hereafter,* and confess a judgment without process, etc." Under such a power judgment may be confessed before the maturity of the note. *Sherman v. Baddely,* 11 Ill. 622; *Adam v. Arnold,* 86 Ill. 185; *McDonald v. Chisholm,* 131 Ill. 273; *Blanck v. Medley,* 63 Ill. App. 211; *Shepherd v. Wood,* 73 Ill. App. 486; *Allport v. Meutsch,* 166 Ill. App. 172.

An affidavit of this sort is strictly construed against the pleader. The notes plainly showed an unconditional promise on the part of both makers to pay and parol proof could not be received to vary these terms.

*Travelers' Ins. Co. v. Mayo,* 70 Ill. App. 627, affirmed 170 Ill. 498; *Johnson v. Hennessey,* 197 Ill. App. 622; *Moyses v. Schendorf,* 238 Ill. 232.

The judgment is affirmed.

*Affirmed.*

DEVER, P. J., and McSURELY, J., concur.