# Alexander St. Clair, Appellant, v. J. C. Goldie and Elenor Goldie, Appellees.

## Gen. No. 31,447.

1. NEGOTIABLE INSTRUMENTS—*maturity of note authorizing confession of judgment at any time.* A note containing a warrant of attorney authorizing confession judgment ''at any time hereafter for such amount as may appear to be unpaid thereon'' makes the note due for the purposes of judgment whenever the creditor asserts his right, and when he has entered judgment, he is entitled to have execution issue thereon.

2. APPEAL AND ERROR—*when appeal will not lie from interlocutory order.* An order staying proceedings under a writ of execution, issued on a judgment confessed on note under warrant of attorney, until the note's maturity ''or until the further order of the court,'' is merely interlocutory and not appealable, and will so remain until a final order is entered, as an order denying a motion for an alias execution upon the sole ground that the debt is not due, or denying a motion to vacate the stay, or some similar order.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. CHARLES F. MCKINLEY, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Appeal dismissed. Opinion filed May 17, 1927.

KENNETH F. SIMPSON, for appellant.

ROSS LEE LAIRD, for appellees.

MR. JUSTICE FITCH delivered the opinion of the court.

After judgment by confession was entered on a promissory note, and an execution thereon was issued, an order was entered on defendants' motion staying further proceedings under the writ ''until the maturity date of the promissory note thereunder confessed, or until the further order of the court.'' Plaintiff prayed and perfected an appeal from that order and the point is made that the order is not final or appealable. The words ''or until the further order of the court'' imply

that the order is merely temporary and interlocutory. (*O'Hara v. Pennsylvania R. Co.*, 2 Grant [Pa.] 241.)

There is a bill of exceptions in the record, but there is nothing in it showing upon what ground the court entered the order staying the execution except a statement that the *motion* of the defendants was to stay the execution "until the maturity date of said judgment note, namely, April 16, A. D. 1928."

In *Raban v. Mahr*, 244 Ill. App. *post*, we held, on the authority of *Sherman v. Baddely*, 11 Ill. 622, that where, as in this case, a note contains a warrant of attorney authorizing a confession of judgment "at any time hereafter * * * for such amount as may appear to be unpaid thereon," the effect of that stipulation is to make the note due, "for the purposes of the judgment," whenever the creditor chooses to assert his right under the contract to enter judgment thereon, and having done so, the judgment creditor is entitled to an execution. The same ruling was made in *Adam v. Arnold*, 86 Ill. 185; *McDonald v. Chisholm*, 131 Ill. 273; *Farwell v. Huston*, 151 Ill. 239; *Thomas v. Mueller*, 106 Ill. 36; *Alldritt v. First Nat. Bank of Morrison*, 22 Ill. App. 24 and 192; *Elkins v. Wolfe*, 44 Ill. App. 376; *Great Western Hat Works v. Pride Hat Co.*, 224 Ill. App. 249; *Bradshaw v. Hansen*, 232 Ill. App. 44.

If the order appealed from had merely stayed the execution until the "maturity date" of the note, it would have had no practical effect, for the note was then *past due* by the election of the judgment creditor, but the remainder of the order implies that either party may apply to the court for a further order. Hence, until some final order is entered, such as, for example, an order refusing to vacate the stay order, or an order denying a motion for an *alias* execution, upon the sole ground, in either case, that the debt is not due, or some similar order indicating a final disposition of

Coyne v. Oregon Short Line R. Co., 244 Ill. App. 359.

the matter, the order remains interlocutory and is not appealable.

For the reasons stated, the appeal must be dismissed and it is so ordered.

*Appeal dismissed.*

Gridley, P. J., and Barnes, J., concur.