BONDS *v.* ROSS.

(In Banc. April 13, 1942.)

[7 So. (2d) 554. No. 34924.]

Hugh N. Clayton, of New Albany, for appellant.

Smallwood & Darden, of New Albany, for appellee.

Smith, C. J., delivered the opinion of the court.

This is an attachment in chancery brought by the appellant against the appellee under section 174, Code of

1930, in which the bill of complaint alleges that the appellee is a nonresident of the state, and that the Gulf, Mobile & Ohio Railroad Company is indebted to him. It also alleges that the appellee owns real property in this state. Process was served on the railroad company, and an attachment was levied on the real property. The appellee appeared and challenged the validity of the attachment, by moving to quash the process on the railroad company and the attachment of the real property, alleging that he was a resident of the state, and therefore not subject to the provisions of section 174 of the Code.

The evidence on this motion discloses that appellee is, and has for a number of years been employed by the Gulf, Mobile & Ohio Railroad Company as a brakeman on its trains; that on and prior to December 31, 1940, he and his wife lived in a residence owned by them in New Albany, Union County, Mississippi; but that a few days thereafter they moved to Jackson, Tennessee, where he could more conveniently live and discharge the duties of his employment by the railroad company as a brakeman.

In April, 1941, they rented the house in which they had been living in New Albany to another, and rented a house in Jackson, Tennessee, into which they moved with all their household belongings, and have continued to live therein. The facts and circumstances in the record indicate that the appellee's residence in Jackson, Tennessee, is to be, if not permanent, at least for an indefinite period of time. The appellee's "run" as brakeman for the railroad company is from Jackson, Tennessee, to Louisville, Mississippi, and return, passing through New Albany generally once each day for six days in each week. His train, which is one carrying freight, usually remains in New Albany for about an hour each day for switching purposes. On this evidence the court below held that the appellee was not a nonresident within the meaning of the statute, granted the prayer of the appellee's motion, and an appeal to this court to settle the principles of the case.

This motion to quash should have been overruled. One who resides in this state becomes a nonresident thereof within the meaning of section 174, Code of 1930, when he removes therefrom, intending to remain out permanently, or for a definite period of time, although he frequently and continuously visits the state and remains there for short intervals of time. Grif. Chan. Prac., section 485, and the decisions of this court there cited.

The appellee not only does not reside in Mississippi, but has acquired a fixed residence in Tennessee, with the evident purpose of remaining there for an indefinite period. Consequently, he is now a resident of that state. 7 C. J. S., Attachment, section 33.

Reversed and remanded.