DICKSON *v.* LINDSEY

No. 40912 December 15, 1958 107 So. 2d 732

*Roberson, Luckett & Roberson,* Clarksdale, for appellant.

*Talbot, Sullivan & Dunbar,* Clarksdale, for appellee.

ARRINGTON, J.

The appellee, William L. Lindsay, filed suit in the County Court of Coahoma County against Robert L. Dickson, the appellant, to recover on a judgment obtained by him in the State of Illinois, and prayed for a writ of attachment against the estate of the appellant in order to satisfy said judgment. The County Court rendered judgment for the appellee and held that the attachment was rightfully sued out. On appeal to the Circuit Court of Coahoma County the judgment was affirmed, hence this appeal.

The appellee charged in his declaration that no part of the judgment sued on had been paid. The appellant answered and admitted that no part of the judgment had been paid, but contended that at the time the judgment was obtained on August 30, 1950, he was not a citizen of Illinois nor within the State; that he was not served with process and had no notice of the suit, and that the Court of Illinois did not have jurisdiction, therefore, the judgment was void and not entitled to full faith and credit. He further contended that the attachment was wrongfully sued out and asked for damages and attorneys' fees.

The Illinois judgment was made an exhibit to the declaration, which is as follows:

"No. 931

"William L. Lindsay, Plaintiff )
vs )
Robert L. Dickson and )
Dorothy Mae Dickson, Defendants )

"NOW, On this 30th day of August, A.D. 1950, it being one of the Regular Judicial days of this Court, comes

the Plaintiff, William L. Lindsay by Mitchell and Calvin, his Attorneys, and file his Complaint and file also the instrument in writing on which this suit is brought, to-wit: One (1) promissory note, the execution of which is duly proven in open Court.

AND NOW COME also the said defendants, by John L. Knuppel, Attorney, and file herein their warranty of Attorney, duly executed by the said Defendants, authorizing him to appear in any Court of Record in behalf of said Defendants, and waive service of process and confess judgment in favor of said plaintiff, and against said Defendants, for the amount found to be due upon one (1) certain promissory note annexed to said warrant of attorney, and also for the sum of One Hundred Thirty Dollars ($130.00), Attorney's fees, besides the costs of suit, the execution of said warrant of Attorney being duly proven in open Court. And the said Defendants' Attorney also files his Cognovit, by which he waives service of process upon the said Defendants, and confess the said action of the Plaintiff, and that said Plaintiff, by reason of the non-performance of the promises in the Plaintiff's Complaint mentioned, has sustained damages in the sum of One Thousand Four Hundred Ninety-eight (1,498) dollars and Fifty-six (56) cents, it being the amount due on said Note, including Attorney's fees, over and above all costs by him in this behalf expended; and the said Defendants, by their said Attorney, consent and agree that judgment may be entered in this behalf in favor of the said Plaintiff, and against said Defendants, for the amount of damages and Attorneys' fees aforesaid, to-wit: For the sum of One Thousand Four Hundred Ninety-eight (1,498) dollars and Fifty-six (56) cents, and for costs of suit; and release all errors in entering up this judgment, or in issuing execution thereon, and consent to the issuing of immediate execution on the same.

"IT IS THEREFORE CONSIDERED AND AD-JUDGED BY THE COURT, that said Plaintiff have and recover of and from the said defendants the said sum of One Thousand Four Hundred Ninety-eight (1,498) dollars and Fifty-six (56) Cents, being the amount of damages, including Attorney's fees, as confessed as aforesaid, together with all costs and charges by him about this suit in this behalf expended, and that he have execution therefor.

"Attest: Marjorie B. Blessman,
(SEAL) Clerk.

CONFESSION RECORD '1', PAGE 387."

The appellant contends, first, that the Court of Illinois did not have jurisdiction to render the judgment sued on, and, second, that the judgment was not properly authenticated in that it did not contain the note and alleged warrant of attorney upon which the judgment was based, and, therefore, was not entitled to full faith and credit.

██ █ The judgment is duly authenticated under Title 28, U. S. C. A., Section 1738. Article IV, U. S. Constitution, provides: "Full faith and credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

In Jones v. McCormick, 145 Miss. 566, 110 So. 591, this Court held: "The objection to the certification of this decree is that copy thereof is not accompanied by a copy of the record on which it was rendered. It is not necessary, in suing on a judgment or decree, to exhibit a copy of the record on which it was rendered. All that is necessary is to allege the required jurisdictional facts and to exhibit a copy of the judgment or decree (34 Cyc. 109)."

 The note upon which this judgment was based was duly authenticated and introduced in evidence over the objection of the appellant and reads as follows:

"THIS NOTE IS SECURED BY A CHATTEL MORT-GAGE OF EVEN DATE HEREWITH.

Havana, Illinois August 8th 1949 $1,300.00
"IN INSTALLMENTS AFTER DATE for value re-ceived, the Undersigned, jointly and severally promise— To pay to the order of

### WILLIAM L. LINDSAY

ONE THOUSAND THREE HUNDRED· and-----no/100 Dollars, in stallments as follows: $300.00 due and payable July 30th, 1950; $300.00 due and payable July 30th, 1951; $300.00 due and payable July 30th, 1952; and, $400.00 due and payable July 30th, 1953, together with interest payable annually from date at the rate of five (5) percent per annum until paid.

"The undersigned hereby, jointly and severally, em-power any attorney of any Court of Record to appear for them, or either or any of them, in such Court in term time or vacation, at any time hereafter and confess a judgment without process against them, or either or any of them, in favor of the legal holder thereof for such sum as may appear to be unpaid thereon together with inter-est, costs and ten per cent, attorney's fees with minimum attorney fee of $25.00, and to waive and release all errors which may intervene in such proceeding and consent to immediate execution. The makers, sureties, endorsers and guarantors hereof do each hereby waive demand, presentment, notice of non-payment and protest, and do each hereby waive notice of and consent to any and all extensions of this note or any part thereof.

Due Robert L. Dickson
Address Dorothy Mae Dickson "

The appellant admitted that he signed this note and we are of the opinion that its introduction was not error.

■■ The appellant contends that the judgment was void for the reason that the note was not due and was not authorized by the warrant of attorney, and relies on the case of Mayer v. Pick, 192 Ill. 561, 61 N. E. 416. Although this case held that an action cannot be maintained on a note before maturity, the main question before the court was whether under a joint warrant of attorney would authorize a several judgment against one of the makers. The court held that the authority to confess a judgment under a warrant of attorney must be strictly construed and that a joint warrant of attorney would not authorize a several judgment against one of the makers.

The Illinois Court, in the case of Sherman v. Baddely, 11 Ill. 622, held that where a debtor gives a note and a warrant of attorney, authorizing a confession of judgment to be made for an amount specified in the note before the time given for the payment of the note shall have elapsed, it is not error to render a judgment at any time upon such confession. The Court said: "The debtor accedes to the proposition, by executing and delivering to the creditor a warrant of attorney, expressly stipulating that the judgment may be taken.* * * * The defendant has no right to complaint of the judgment, for he deliberately authorized it to be entered. The note was due, for the purpose of the judgment, by the express stipulation of the maker."

In Bush v. Hanson, 70 Ill. 482, the Court said: "It appears, from the judgment order, that a declaration, the warrant of attorney, and affidavit of its execution, the note and cognovit by the attorney authorized, were filed. The defendant in the judgment was before the court by appearance by his duly authorized attorney. A case of jurisdiction was then presented. * * * * * A warrant of attorney to confess judgment is a familiar common law security. The entry of judgment by cognovit

thereunder, is a proceeding according to the course of the common law, which courts have ever entertained, in the ordinary exercise of their authority as courts of general jurisdiction.''

In the case of Farwell v. Huston, 151 Ill. 239, it was held: ''And appellants' third contention, that the judgment note given to the Will County National Bank was not due at the time the judgment was confessed, and that the warrant of attorney contained therein did not authorize the confession of a judgment before the note became due, is likewise without merit. The portion of the warrant complained of is in these words: 'And in consideration thereof, we do hereby make, constitute and appoint Egbert Phelps, or any other attorney at law of any court of record, to be our true and lawful attorney, irrevocably for us and in our name, place and stead, to appear before any court of record in any of the States or Territories in the United States, in term time or vacation, at any time after the date hereof, and to waive service of process, and confess a judgment against us, or either of us, and in favor of the holder of this note for the above sum, or for as much as appears to be due according to the tenor and effect hereof.' We fail to see why the warrant in the said note did not authorize the confession of a judgment thereon 'at any time after the date' thereof.''

In great Western Hat Works v. Pride Hat Company, et al, 224 Ill. App. 249, where a judgment was entered prior to the maturity of the note, the Court said: ''The power of attorney on each of these notes authorized irrevocably any attorney of any court of record to appear for 'us in such court in term time or vacation, *at any time hereafter,* and confess a judgment without process, etc.' Under such a power judgment may be confessed before the maturity of the note. Sherman v. Baddely, 11 Ill. 622; Adam v. Arnold, 86 Ill. 185; McDonald v. Chisholm, 131 Ill. 273; Blanck v. Medley, 63 Ill. App. 211;

Shepherd v. Wood, 73 Ill. App. 486; Allport v. Meutsch, 166 Ill. App. 172.''

In First National Bank v. Galbraith, et al, 271 Ill. App. 240, the court held that under the warrant of attorney the judgment was not premature where the warrant provides that the judgment may be taken at any time after the date of the note's execution. The warrant of attorney in that case provided: ''* * and to secure the payment of said amount, we hereby authorize, irrevocably, any attorney of any court of record to appear for us in any court, in term time or vacation, at anytime hereafter and confess a judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, etc.''

As to this judgment, the Court said: ''By many decisions of our Supreme Court and Appellate Courts, it is well established law in this State that judgment is not prematurely taken on a warrant of attorney, forming a part of a promissory note, for the amount unpaid on the note, although the note is not due by its terms, where the warrant provides that judgment may be taken at any time after the date of execution of the note. Farwell v. Huston, 151 Ill. 239; McDonald v. Chisholm, 131 Ill. 273; Adam v. Arnold, 86 Ill. 185; Great Western Hat Works v. Pride Hat Co., 224 Ill. App. 249; St. Clair v. Goldie, 244 Ill. App. 357.

''Under such terms of the warrant of attorney, the debt by the express stipulation of the parties, is due for the purpose of judgment at any time after the date of the note. Alldritt v. First National Bank of Morrison, 22 Ill, App. 192.''

The foregoing Illinois authorities demonstrate that Mayer v. Pick, supra, is not controlling, and that the judgment is valid under Illinois law, and, therefore, is entitled to full faith and credit. 30 Am. Jur., Judgments, Section 246.

The appellant next argues that the attachment was wrongfully sued out and that he was entitled to damages. The attachment issue was tried upon grounds (1) and (2) of Section 2679, Volume 2A Recompiled, Mississippi Code of 1942, as follows:

"(1) That the defendant is a foreign corporation, or a non-resident of this state; or

"(2) That he has removed, or is about to remove, himself or his property out of this state; * * * *"

The evidence shows that the appellant is a cotton-duster (airplane); that he came to Mississippi in 1950 and has continued to dust cotton annually since that time; that this is a seasonal occupation and during the off-season he "loafs and hunts"; that he has been in and out of the State of Mississippi since 1951; that he had an equity in a home in Coahoma County which he listed for sale on January 5, 1957, and that he and his family, consisting of a wife and six children, moved to Colorado on January 6, 1957, and purchased a home in that State on February 8, 1957; that he told a number of persons that he intended to move to Colorado, also that he intended going in business in that State.

The writ of attachment was issued on July 23, 1957, and the case was tried on September 14, 1957. The appellant admitted and testified to the above facts, however, he qualified these statements by saying that he only intended to live in Colorado in the off-season and that he intended to continue dusting cotton in Mississippi. In explanation of his going in business, he testified that he was thinking of the motel business and that his wife was going to operate the motel. At the time of the trial, the appellant and his family were registered at the Cotton Boll Courts in Clarksdale, and he listed his address as Woodland Park, Colorado. The appellant also testified that he was leaving Mississippi at the end of the dusting season, which was October.

The appellant contends that he was not a non-resident of the State; that he was not about to remove himself or his property out of the State, notwithstanding his testimony that he was leaving the following month. The Court, in Myers v. Farrell, 47 Miss. 281, in defining the word "about", said: "It is an ordinary word of no artificial or technical significations, and should receive the rendering which is given to it in common parlance. If the debtor is engaged in the act, or is near to the performance of the act of 'removal,' if he entertains the purpose and is making preparations to carry it out, then the creditor is entitled to the writ. * * * * If a purpose exists to remove, and the scheme may be carried out in one, two, three, or several weeks or months, and if this be contemplated with a view to evade or delay creditors, the writ may be taken out. The purpose like all other motives and intents, may be inferred from the speeches, acts and conduct of the party."

The county judge was the trier of facts, the jury having been waived, on the question whether the attachment was wrongfully sued out. We are of the opinion that there was sufficient evidence to justify the finding that the appellant was either a non-resident of Mississippi or was about to remove himself or his property out of the State. Cf. Bonds v. Ross, 192 Miss. 610, 7 So. 2d 554.

It follows that the judgment of the Circuit Court of Coahoma County should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.