In the matter of Joseph F. KOLAR, a bankrupt.
SAMUEL A. GILFORD & COMPANY, a corporation, Appellant,
v.
A. K. MOSE, trustee in bankruptcy, and Joseph F. Kolar, Appellees.

No. 13384.

United States Court of Appeals Seventh Circuit.

Nov. 14, 1961.

Rehearing Denied Jan. 16, 1962.

Marvin Patrick Cohen, Chicago, Ill., for appellant.

Ralph G. Scheu, Leonard Gesas, Chicago, Ill., for appellees.

Before DUFFY, SCHNACKENBERG and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Samuel A. Gilford & Company, a corporation, ("Gilford"), has appealed from an order of the district court, which sustained an order of a referee in bankruptcy declaring null and void a lien asserted by Gilford by virtue of a judgment by confession obtained by it against Joseph F. Kolar, ("Kolar"), later adjudged a bankrupt.

Ralok Tool & Engineering Co. made and delivered a promissory note dated March 10, 1959, payable to the order of Gilford in the principal sum of $10,656 due and payable in monthly installments thereafter. The note, which was on a printed form, contained the following provision:

"If any installment of this note, either principal or interest, or any portion thereof, is not paid at the time and place specified herein the entire amount unpaid shall be due and payable forthwith at the election of the holder of this note without notice. The acceptance of any installment hereof by the holder after the time when it becomes due as herein set forth shall not be held to establish a custom, or waive any rights of the holder to enforce prompt payment of any further installments or otherwise.

"And to secure the payment of said amount the undersigned does hereby authorize, irrevocably, any attorney of any Court of Record to appear for the undersigned in such Court, in term time or vacation, at any time hereafter and confess a judgment without process in favor of the holder of this Note for such amount as may appear to be unpaid thereon, together with costs and reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, * * *.

"This note is secured by Chattel Mortgage bearing even date herewith to * * *."

On the reverse side of the note appeared the following, signed by Kolar and Ella M. Kolar:

"For value received, we and each and all of the endorsers hereon, jointly and severally guarantee payment of the within note, accepting all its provisions authorizing the maker, without notice to us or either of us, to obtain an extension or extensions in whole or in part and waiving presentment for payment, demand, protest and notice of protest and non-payment; also agreeing that in case of non-payment of principal or interest when due, such arrearage may be offset by application of any amount or amounts, whole or in part, which may be due any of us from the holder of such note and suit may be brought by the holder of this note against any one or more or all of us, at the option of said holder, whether such suit has been commenced against the maker or not and that in any such suit, the maker may be joined with one or more or all of us, at the option of the holder.

"If any installment of this note, or the interest, is not paid when due,

then the amount remaining unpaid hereon shall, without notice, become immediately due and payable, at the option of the holder.

"The holder of this note shall not be required to look to the security for the payment of this note, but may proceed against us, or either or all of us, immediately upon a default in payment or otherwise.

"And I, or we, hereby authorize, irrevocably, any attorney-at-law to appear for me or us in any court of record in the United States, in term time or vacation, and waive the issue and service of process and confess a judgment against me or us at any time hereafter in favor of the holder hereof, for such amount as may appear to be unpaid or declared due and payable hereon, together with costs and reasonable attorney's fees and to release all errors and waive all right of appeal."

On September 8, 1959, Gilford obtained the said judgment by confession in the Municipal Court of Chicago for the unpaid balance due on said note plus reasonable attorneys' fees, upon which execution immediately issued and a transcript of the judgment was filed with the clerk of the Circuit Court of Cook County, Illinois. On January 18, 1960, the execution was levied by the sheriff of Cook County, Illinois on real estate of said Kolar. On February 11, 1960 Kolar filed a voluntary petition in bankruptcy in the district court and an adjudication thereon was entered. Answering a rule to show cause, Gilford filed an answer asserting its lien to said real estate, a hearing was had and a referee entered an order sustaining Gilford's claim to a lien on the real estate.

On October 3, 1960 Kolar filed a petition and on October 4, 1960 Gilford filed its answer, on which a hearing was held by the referee October 24, 1960. It appeared that between March 10, 1959 and September 8, 1959 payments required to be made on the note were paid late and not on the due date, but it was stipulated that the number of monthly payments

required to be made under the note as of September 8, 1959 were in fact made. The referee entered an order on January 23, 1961, finding that the judgment was premature, having been obtained when no default by payment or otherwise existed under the note guaranteed, that the judgment, having been prematurely obtained, "is void and subject to collateral attack", and that the court "has jurisdiction of the subject property and the parties to determine that the lien claimed under such void judgment is a nullity." The referee ordered that the lien asserted by Gilford against the real estate was null and void. This order was sustained by the district court, as aforesaid.

As stated in its brief, Gilford's position is this:

"Taking the entire note, guarantee agreements, and confession clauses as one instrument the only logical conclusion which can be reached is that although the parties agreed upon installment payments to be made in repayment of the note, the holder at any time after execution of such note could confess a judgment against the maker and guarantors for such amount as might be unpaid."

While Gilford's attorney calls our attention to the fact that the payments were not made on the due dates, he stipulated "that all payments required to have been made were in fact made prior to the confession of judgment."

Thus, the record before us shows that, at the time the judgment was entered, there were no defaults in payment or otherwise then existing. In fact, this is not denied by Gilford in its brief. It relies on Farwell v. Huston, 151 Ill. 239, 37 N.E. 864, 866, which is clearly distinguishable from the case at bar, because the judgment note there involved authorized entry of judgment "at any time after the date hereof". Reliance is also mistakenly placed on McDonald v. Chisholm, 131 Ill. 273, 23 N.E. 596, because the notes there involved authorized the entry of judgment upon them at any time after the date of the notes. The court followed

its own decision in Adam v. Arnold, 86 Ill. 185, where it held that a judgment confessed under warrant of attorney of that character was valid, although the notes at the time were not due.

For similar reasons, Gilford is not justified in relying on Alldritt v. First National Bank of Morrison, 22 Ill.App. 24, which involved a note authorizing a confession of judgment "at any time after date" of the note, or St. Clair v. Goldie, 244 Ill.App. 357, where a note contained a warrant of attorney authorizing a confession of judgment, " 'at any time hereafter * * * for such amount as may appear to be unpaid thereon,' * * *." St. Clair relied in turn upon the other cases, *inter alia*, which we have just referred to.

In the case at bar, the instrument sued upon relieves the holder of the note from looking to the security (i. e. the chattel mortgage), for the payment of the note, but at the same time indicates clearly the circumstances under which the note holder may proceed against Kolar, i. e., "immediately upon a default in payment or otherwise". This language delineates the situation in which a judgment by confession would have been authorized against Kolar. There is no doubt that when the judgment was confessed no "default in payment or otherwise" existed. Accordingly, there was no right to be enforced by the exercise of the power of attorney to confess judgment contained in the power of attorney which immediately followed this definition of rights, and the judgment was a nullity.

The district court concluded as a matter of law that the judgment here involved was premature, having been obtained when no default by payment or otherwise existed under the note guaranteed, and that said judgment, therefore, is void and subject to collateral attack. Its order was that the lien asserted by Gilford against the real estate is null and void.

For the reasons herein stated, we affirm the order of the district court.

Order affirmed.